Deepali A. Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:    (650) 254-9805

Timothy Devlin (*pro hac vice*)
Email: tdevlin@devlinlawfirm.com
Peter Mazur (*pro hac vice* forthcoming)
Email: pmazur@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

*Attorneys for Plaintiff*
*SynKloud Technologies LLC*

Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Ashleigh Nickerson (State Bar No. 331056)
anickerson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Defendant*
*Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ADOBE, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-07760-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　February 4, 2021<br>Time:　　11:00 a.m. PT<br><br>The Hon. William H. Alsup |

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") and Defendant Adobe, Inc. ("Adobe" or "Defendant") (collectively, the "Parties") through their respective attorneys, submit this Joint Case Management Statement and Proposed Order pursuant to the Court's November 19, 2020 order (D.I. 73).

# I.    JURISDICTION AND SERVICE

This action involves claims and counterclaims arising under the patent laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over the

Parties' respective claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves claims and counterclaims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* The Parties do not contest personal jurisdiction, nor do the Parties contest that venue is proper. No parties remain to be served in this case.

## II.     FACTS

This is an action for patent infringement of United States Patent Nos. 8,606,880 (the "'880 Patent"), 8,856,195 (the "'195 Patent"), 8,868,690 ((the "'690 Patent"), 9,219,780 (the "'780 Patent"), 9,239,686 ((the "'686 Patent"), and 10,015,254 (the "'254 Patent") (collectively, the "Patents-in-Suit" or "Asserted Patents"), arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

<u>Plaintiff's Statement</u>

SynKloud Technologies, LLC is company organized under the laws of Texas and headquartered in Texas.

This action was filed on September 6, 2019 in Western District of Texas. This case was transferred to this Court under convenience factors pursuant to section 1404(a). SynKloud intends to file a Supreme Court request to certify petition to contest the Federal Circuit's decision to transfer this case from WDTX to NDCA.

<u>Defendant's Statement</u>

Adobe Inc. is a corporation organized under the laws of Delaware with its principal place of business located in California. The accused services in this case—Adobe Creative Cloud, Lightroom Personal, and Document Cloud--provide a collection of desktop and mobile apps based in the cloud for working with photography, design, video, web content, UX (user experience), and documents. User are able to access these accused services through a computer, laptop, or mobile device through a web interface or an Adobe app.

The six patents-in-suit were developed by an individual named Ted Tsao, who after unsuccessfully attempting to license these patents on his own, sold these patents to plaintiff SynKloud Technologies to assert in litigation. The six patents-in-suit are all related and purport to solve the problem of limited storage capacity found on wireless devices or PDAs in 2003 (the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

2

38027\13898134.1

priority date for these patents) by allowing users to use the storage of a server as the external storage of a wireless device. '880 Patent, at 2:23-32. The specific method claimed by the Tsao methods to download web content from a web server directly into a storage server without using a wireless device reflects a purported solution for a time period when the Internet bandwidth was limited and the storage capacity on wireless devices and PDAs were limited in 256 MB, as the inventor admits. *Id.* The specific features of Lightroom, Document Cloud, and Creative Cloud that SynKloud accuses of infringement do not utilize this specific method of download to store content in the cloud. This is one of the principal factual disputes in the case.

There are also principal factual disputes in this case surrounding the validity of the asserted patents. Specifically, the parties dispute whether the patents-in-suit are invalid under 35 U.S.C. §102 in light of several prior art references and whether the patents-in-suit are invalid under 35 U.S.C. §102 for violating the on-sale bar. STTWebOS and Mr. Tsao have not completed their document productions, but based on Adobe's investigation to date, Mr. Tsao, through his company STTWebOS, was offering to sell "demonstrable" products that embody the alleged inventions claimed in the 6 patents-in-suit more than 1 year prior to applying for the first of these patents. In addition, the parties dispute whether the specifications provide an adequate written description or enables the full scope of the claimed invention under 35 U.S.C. §112.

<u>Plaintiff's Response to Defendant's Statement</u>

The Patents-in-Suit were developed by STTWebOS, Inc. that was founded by inventor Ted Tsao. Mr. Tsao worked diligently to market its product and license its technology following standard business practices of using non-disclosure agreements to hire contractors or employees as well as request investment funding. Adobe has received discovery through early subpoena on STTWebOS, Inc. and Mr. Tsao issued in December 2019. Despite what Adobe would like the Court to believe, the record is clear, there is no 102 on-sale bar that would apply here. While the discovery on this issue is complete, tellingly, Adobe is not moving for a summary judgment motion on this issue.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

3

38027\13898134.1

## III. LEGAL ISSUES

<u>Plaintiff's Statement</u>

The principal disputed legal issues in this case are:

1. Whether Adobe has and continues to directly and/or indirectly infringe the Patents-in-Suit?

2. Whether Adobe's infringement has been and continues to be willful?

3. The appropriate relief, remedy and damages for any infringement of the Patents-in-Suit?

4. The factual bases of Adobe's affirmative defenses.

5. Whether Adobe is estopped from raising challenges to patents that could have been raised during an *inter partes* review?

The Parties reserve the right to raise additional factual and legal issues that may arise throughout the course of this action.

<u>Defendants' statement</u>

Issues 1 through 4 identified by SynKloud in this section are factual issues rather than disputed issues of law. Issue 5 is not a legal issue in this case, as 35 U.S.C. § 315(e)(2) is clear that any estoppel would arise only once a final written decision is issued in any *inter partes review*. Adobe identifies the following disputed issues of law:

(1) Whether the patents-in-suit are invalid for claiming an abstract concept under 35 U.S.C. §101 and the Supreme Court's guidance in *CLS Bank v. Alice*, 573 U.S. 208 (2014);

(2) Whether the patents-in-suit are invalid for obviousness under 35 U.S.C. §103. And

(3) Whether the 5 children patents ('195, '690, '780, '686, and '254) are entitled to its alleged priority date based on the parent patent ('880), or if new subject matter was introduced during the prosecution of the 5 children patents.

## IV. MOTIONS

SynKloud anticipates filing a joint Motion for Protective Order and Order Regarding Discovery of Electronically Stored Information (ESI). SynKloud further anticipates that discovery motions may be required. SynKloud opposes Adobe's stay of discovery on Adobe's filing of summary judgment of invalidity based on 35 U.S.C. §101. The claims at issue here, claims 9-15,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

4

38027\13898134.1

of the '254 Patent have not been invalidated by any Court.  The '254 patent server claims 9-15 do not cover an abstract idea and have inventive concept of extending storage at local device by handling plurality of storage spaces, and causing display on the client with use of synchronized communication between the wireless device, remote content server and remote storage server. These features were unconventional in systems at the time, and improve the operation of the computer system, both hallmarks of patentability under Section 101.  None of the remaining five Patents-in-Suit, other than the client claims of the '254 Patent, were subject to any 101 ruling in any Court.

Adobe seeks permission from this Court to file an early motion for summary judgment of invalidity based on 35 U.S.C. §101.[1] Addressing the section 101 issue first while staying discovery during the pendency of the motion presents the most efficient and cost-effective way to resolve this litigation because claims 1-8 from the '254 Patent have already been invalidated under Section 101 by Judge Andrews of the District of Delaware in September 2020. *SynKloud Technologies, LLC v. HP Inc., et al.*, Dkt. #32, No. 19-1360-RGA (D. Del., September 29, 2020). While SynKloud asserts claims 9-15 from the '254 Patent against Adobe, claims 9-15 disclose the identical subject matter as the 8 invalidated claims with the only difference being claims 9-15 were drafted from the perspective of the server in the claimed storage system while claims 1-8 were drafted from the perspective of the wireless device. All 6 patents-in-suit are related with the 5 children patents, including the '254 Patent, being continuations of the '880 Patent; thus, these patents all disclose the same technology and share nearly identical claim elements. Given Judge Andrews's ruling in the *HP* case and the great similarities among the claims of the 6 patents-in-suit, Adobe believes the 6 asserted patents are invalid for the same reasons that Judge Andrews invalidated claims 1-8 of the '254 Patent, and addressing this issue will likely resolve this case in a prompt manner.

Should the case proceed past the section 101 stage, Adobe anticipates raising potentially case-dispositive non-infringement arguments in a motion for summary judgment. Adobe also

---

[1] Should the Court prefer, Adobe is amenable to presenting the section 101 issues in a motion for judgment on the pleadings.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

5

38027\13898134.1

contends that SynKloud's preliminary infringement contentions do not satisfy the requirements of this Court's Patent Local Rules, and depending on the outcome of the meet-and-confer process, Adobe may seek relief from this Court on that issue as well. A stipulated protective order was entered by the Western District of Texas, and Adobe believes no further motion for protective order is required. Adobe is amenable to entering into an Order Regarding Discovery of ESI using the model template provided by this Court.

## V. AMENDMENT OF PLEADINGS

At this point, the Parties do not anticipate adding any further Parties or claims. However, SynKloud reserves the right to amend its pleadings by seeking leave of the Court.

## VI. EVIDENCE PRESERVATION

As a general matter, the Parties have undertaken steps to preserve documents and electronically stored information potentially relevant to the issues in this Action. Both SynKloud and Adobe have issued litigation hold notices to their employees reasonably believed to have evidence relevant to the issues in this Action. The Parties will continue to meet and confer regarding reasonable and proportionate steps to preserve evidence pursuant to Rule 26(f) and the Guidelines for the Discovery of Electronically Stored Information.

## VII. DISCLOSURES

SynKloud proposes to exchange Initial Disclosures on February 18, 2021. For reasons discussed in Section IV (Motions), Adobe proposes the Court proceed initially with a hearing on the Section 101 issue. Should the Court deny Adobe's planned motion to invalidate the patents-in-suit under section 101, Adobe proposes that Initial Disclosures be exchanged 7 calendar days after the Court issues its ruling on the section 101 defense. Other required disclosures under the Patent Local Rules are discussed below. The Parties reserve their right to amend such disclosures as discovery progresses.

## VIII. DISCOVERY

### A. Scope of Anticipated Discovery

Parties have served initial infringement contentions, invalidity contentions and some core technical documents for the Accused Products and/or Services and sales information. Discovery

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

6

38027\13898134.1

has been taken to date while the case was pending in the Western District of Texas. Adobe proposes that discovery be stayed during the pendency of the section 101 briefing, for the reasons stated in Section IV (Motions). When discovery opens, the Parties intend to pursue discovery in the form of requests for production of documents and things, interrogatories, requests for admission, depositions, and other forms of discovery authorized by the Federal Rules. The Parties anticipate discovery on the subjects of infringement, willful infringement, invalidity, enforceability and damages.

The Parties agree that discovery of attorney communications with expert witnesses regarding the subject matter of this litigation, including oral communications, written correspondences or emails, and drafts of expert reports shall be governed by Rule 26(b)(4)(C).

**B.  Limitations on Discovery**

The Parties agree that the Federal Rules of Civil Procedure shall control the limits of discovery, with the following additional limitations:

1.  <u>Privileged Communications and Privilege Logs</u>.  There is no duty to disclose privileged documents or information.  The Parties agree that privilege logs will be prepared and produced on a rolling basis as discovery progresses, and must be served no later than 30 days prior to the close of fact discovery (except to the extent material is identified and withheld after that time, in which case a supplemental log shall be produced by the close of discovery).  The Parties agree that neither Party is required to list any item that occurred or was created on or after the filing date of this action on their respective privilege logs, and SynKloud is further not required to list any item based on privilege or work product involving litigation counsel that occurred or was created on or after the filing date of the first action brought by SynKloud asserting any of the patents in suit.

2.  <u>Fact Depositions</u>.   The Parties agree, that pursuant to the Federal Rules of Civil Procedure, each side can take up to 10 fact depositions. Additional depositions can be requested through the Court by a showing of good cause.

3.  <u>Expert Depositions</u>.  Each expert disclosed by a Party, and who serves an expert report on behalf of that Party, may be deposed by the other Party for up to seven hours per report,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

7

38027\13898134.1

1 which may be increased upon agreement of the Parties.  If any Party requests more than seven
2 hours for an expert deposition, the Parties will confer in good faith and attempt to reach agreement
3 without intervention by the Court.

4     4. <u>Interrogatories to the Parties:</u> SynKloud may serve on Adobe, and Adobe may
5 serve on SynKloud, no more than 25 written interrogatories, including all discrete subparts,
6 pursuant to Federal Rule of Civil Procedure 33.

7     5. <u>Requests for Admission:</u> SynKloud may serve on Adobe, and Adobe may serve on
8 SynKloud, no more than 40 written requests for admission pursuant to Federal Rule of Civil
9 Procedure 36(a)(1)(A). Additionally, SynKloud may serve on Adobe, and Adobe may serve on
10 SynKloud, no more than 25 written requests for authentication pursuant to Federal Rule of Civil
11 Procedure 36(a)(1)(B).

12     6. <u>Deposition Testimony:</u> Adobe is limited to 20 hours of 30(b)(1) and 30(b)(6)
13 deposition time against SynKloud.  SynKloud is limited to 40 hours of 30(b)(1) and 30(b)(6)
14 deposition time against Adobe. All other requirements of Federal Rule of Civil Procedure 30
15 apply.

16     **C.**     **Electronically Stored Information ("ESI")**

17     The Parties agree to negotiate regarding potentially entering an Order directed at ESI.
18     The Parties further agree that they will meet and confer in good faith to ensure that the
19 format of each Party's production is compatible with the technical requirements of the Receiving
20 Party's document management system.

21     **D.**     **Discovery Plan under Rule 26(f)**

22     **1.**     **Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of**
23     **when initial disclosures were made or will be made.**

24     <u>Plaintiff's Statement</u>

25     SynKloud proposes to exchange Initial Disclosures on February 18, 2021.  SynKloud
26 opposes a stay of discovery during the pendency of Adobe's 101 Motion.

27     <u>Defendant's Statement</u>

28     For reasons discussed in Section IV (Motions), Adobe proposes the Court proceed initially

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

8

38027\13898134.1

with a hearing on the Section 101 issue and stay discovery during the pendency of the motion. Should the Court deny Adobe's planned motion to invalidate the patents-in-suit under section 101, Adobe proposes that Initial Disclosures be exchanged 7 calendar days after the Court issues its ruling on the section 101 defense. Other required disclosures under the Patent Local Rules are discussed below in section XVII, Scheduling. The Parties reserve their right to amend such disclosures as discovery progresses.

> **2. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Parties believe that discovery may be needed on several topics, including, but not limited to: (1) direct, indirect and willful infringement of the patent-in-suit; (2) the nature and operation of the accused products; (3) knowledge by Adobe of the patents-in-suit; actions, if any, by Adobe to take reasonable steps to avoid infringement after becoming aware of the patents-in-suit; and (4) damages.

> **3. Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

*See* Section VIII.C Electronically Stored Information.

> **4. Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order.**

In light of the fact that disclosure of confidential and proprietary information may be necessary, the Parties agree that the protective order from the WDTX action applies here.

> **5. Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

See Section VIII.B Proposed Limitations or Modifications of Discovery Rules.

> **6. Rule 26(f)(3)(F): Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

At the present time, the Parties do not request any other orders under Rule 26(c) or under

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA
9
38027\13898134.1

Rule 16(b) and (c).

## IX.   CLASS ACTION

This case is not a class action.

## X.   RELATED CASES

**District Courts**

- *SynKloud Technologies, LLC v. BLU Products, Inc.*, 19-cv-00553 (Mar. 22, 2019, D. Del.) (voluntarily dismissed without prejudice involving some patents from the same Patents-in-Suit family);

- *Synkloud Technologies, LLC v. Dropbox, Inc.* 19-cv-00526 (Sept. 6, 2019, W.D. Tex.) (pending involving the same Patents-in-Suit);

- *SynKloud Technologies, LLC v. HP, Inc.*, 19-1360-RGA (July 22, 2019, D. Del.) (pending);

- *Microsoft Corporation. v. SynKloud Technologies, LLC*, 20-00007 (Jan. 3, 2020, D. Del.) (pending).

**Patent Trial and Appeal Board**

- *Unified Patents, LLC v. SynKloud Technologies, LLC*, IPR2019-01655 (Sept. 30, 2019) (*inter partes* revew instituted for U.S. Patent No. 9,098,526).

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00316 (Dec. 20, 2019) (*inter partes* revew instituted for U.S. Patent No. 9,098,526);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01031 (Jun. 4, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01032 (Jun. 4, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-01235 (Jul. 3, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-01301 (Jul. 3, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01271 (Jul. 16, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01269

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA     10                                                   38027\13898134.1

(Jul. 20, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01270 (Jul. 20, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-1392 (Jul. 31, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-1393 (Jul. 31, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00174 (Nov. 11, 2020) (petition for *inter partes* review of U.S. Patent No. 7,870,225 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00175 (Nov. 11, 2020) (petition for *inter partes* review of U.S. Patent No. 7,870,225 pending).

## XI. RELIEF

Plaintiff's Statement

SynKloud seeks the following relief from the Court: (1) an entry of judgment in favor of SynKloud and against Adobe, of direct, indirect and willful infringement of the Patents-in-Suit; (2) an award of damages adequate to compensate SynKloud for the infringement, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, plus both pre-judgment and post-judgment interest, and based on a finding of willful infringement an award of enhanced damages pursuant to 35 U.S.C. § 284; (3) a finding that this case is exceptional and an award to SynKloud of its attorneys' fees and expenses as provided by 35 U.S.C. § 285; and (4) such other costs and further relief as the Court may deem just and proper.

Defendant's Statement

Adobe requests that the Court enter judgment in Adobe's favor and against Plaintiff on all claims; that Plaintiff's Prayer for Relief be denied in its entirety and with prejudice; that the Court find this case exceptional and award Adobe its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Adobe such other further relief as the Court deems appropriate.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

11

38027\13898134.1

## XII. SETTLEMENT AND ADR

The Parties have filed a joint stipulation agreeing to private mediation and will meet and confer to propose a list of agreed upon mediators.

## XIII. CONSENT TO MAGISTRATE JUDGE

Plaintiff's Statement

While SynKloud declined to consent to proceed before a United States Magistrate Judge for any purpose,. (*See* Dkt. No. 70 at 1), depending on this Court's schedule and availability and for efficiency purposes, SynKloud is amenable to proceeding before a United States Magistrate Judge on discovery issues while reserving its right to appeal any adverse discovery decision to this Court.

Defendant's Statement

Adobe is amenable to having a United States Magistrate Judge preside over discovery issues, if the Court so desires.

## XIV. OTHER REFERENCES

The Parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this time, Parties are not aware of issues that can be narrowed by agreement or by motion.

Plaintiff's Statement

SynKloud proposes that the Parties discuss with the Court at the Claim Construction Hearing the scope of estoppel based on Adobe's *inter partes review* filings, limited availability of invalidity defenses and appropriate limit to the number of prior art references and the reasons why they were not included in the *inter partes review* filings with the USPTO.

Defendant's Statement

Adobe proposes that the Parties discuss with the Court at the Claim Construction Hearing an appropriate limit to the number of asserted claims.

Adobe contends that the issue of estoppel due to *inter partes* review is not ripe for

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

12

38027\13898134.1

1  discussion at the Claim Construction Hearing, as estoppel only applies once the Patent Trial and
2  Appeal Board issues a Final Written Decision, and the likely earliest date for which any Final
3  Written Decision will issue is January of 2022. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an
4  inter partes review of a claim in a patent under this chapter that results in a final written decision
5  under section 318(a)…may not assert either in a civil action arising in whole or in part under
6  section 1338 of title 28…that the claim is invalid on any ground that the petitioner raised or
7  reasonably could have raised during that inter partes review."). Thus, it is premature to address the
8  scope of estoppel issues until the final written decision is issued, and the first final written decision
9  is not expected until January 2022 (for the '254 patent).

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not propose that this case proceed under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULE

Plaintiff and Defendant propose the following schedule:

| Event | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| **Initial Case Management Conference** | **Feb. 4, 2021** | **Feb. 4, 2021** |
| Initial disclosures [FRCP 26(a)(1)(C)] | Feb. 18, 2021 | If the Court denies the 101 motion, 7 days after the Court issues its order on the 101 motion |
| Defendant files opening motion on 101 defense | | March 4, 2021 |
| Plaintiff's responsive brief on 101 defense | | March 18, 2021 |
| Defendant's reply brief on 101 defense | | March 25, 2021 |
| Hearing date on motion for to invalidate patents under Section 101 | | April 8, 2021 or at the Court's convenience |
| SynKloud to serve disclosure of asserted claims and infringement contentions and accompanying document production [Pat. L.R. 3-1, 3-2] | Completed | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

13

38027\13898134.1

| | | |
|---|---|---|
| Adobe to serve invalidity contentions and accompanying document production [Pat. L.R. 3-3, 3-4] | Completed | |
| Exchange of proposed terms for construction [Pat. L.R. 4-1] | Completed | 14 Days after the Court rules on the 101 motion |
| Exchange of preliminary constructions and extrinsic evidence [Pat. L.R. 4-2] | Completed | 21 Days after the exchange of lists pursuant to Patent L.R. 4-1 |
| SynKloud to serve damages contentions [Pat. L.R. 3-8] | March 18, 2021 | 50 days after exchange of initial disclosures |
| Joint claim construction and prehearing statement [Pat. L.R. 4-3] | March 25, 2021 | 7 days after P.L.R. 4-2 exchange |
| Disclosure of opening claim construction expert witness reports, if any | April 8, 2021 | 7 days after P.L.R. 4-3 filing |
| Disclosure of responsive claim construction expert witness reports, if any | April 15, 2021 | 14 days after opening claim construction expert witness report |
| Adobe to serve responsive damages contentions [Pat. L.R. 3-9] | April 22, 2021 | 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8 |
| Close of claim construction discovery [Pat. L.R. 4-4] | April 30, 2021 | 30 days after service and filing of the Joint Claim Construction and Prehearing Statement |
| Opening claim construction briefs [Pat. L.R. 4-5(a)] | May 6, 2021 | 45 days after serving and filing the Joint Claim Construction and Prehearing Statement |
| Responsive claim construction briefs [Pat. L.R. 4-5(b)] | May 27, 2021 | 14 days after service upon it of an opening brief |
| Reply claim construction briefs [Pat. L.R.4-5(c)] | June 10, 2021 | 7 days after service upon it of a responsive brief, the party claiming patent infringement |

| | |
|---|---|
| Claim construction hearing and technology tutorial [Pat. L.R. 4-6] | Subject to the convenience of the Court's calendar |
| Final election of asserted claims | 28 days after the Court's Claim Construction Order |
| Proposed Date for Designation of Experts | Estimated 90 days after the Court's claim construction ruling |
| Close of fact discovery | Estimated 150 days after the Court's claim construction ruling |
| Deadline to file discovery motions relating to fact discovery [Civ. L.R. 37-3] | 7 days after the close of fact discovery |
| Opening expert reports | 21 days after the close of fact discovery |
| Rebuttal expert reports | 42 days after opening expert reports |
| Close of expert discovery | 28 days after rebuttal expert reports |
| Opening summary judgment/Daubert briefs | 28 days after close of expert discovery |
| Responsive summary judgment/Daubert briefs | 14 days after Opening summary judgment/Daubert briefs |
| Reply summary judgment/Daubert briefs | 14 days after Answering summary judgment/Daubert briefs |
| Hearing on summary judgment/Daubert briefs | Subject to the convenience of the Court's calendar |
| Pretrial Conference | Subject to the convenience of the Court's calendar |
| Trial | Subject to the convenience of the Court's calendar |

Plaintiff's Position on the Schedule

SynKloud would like to proceed with discovery that is required to diligently and efficiently prosecute in this action. Adobe received early discovery by subpoenaing third-party, STTWebOS, Inc. and inventor Ted Tsao. Having engaged in discovery and reaped the benefits of the process, Adobe cannot now delay its own obligations towards discovery. The Court should deny Adobe's request to stay discovery pending the ruling on Section 101.

Defendant's Position on the Schedule

Adobe would like to begin this process with the Section 101 motion and stay discovery during the pendency of this motion because these patents are invalid under Section 101. All six patents-in-suit revolve around similar claims and technologies that should be analyzed for invalidity prior to assessing the issue of infringement of patents that may be invalid. Similar to the asserted claims 9-15 of the '254 Patent, claims 1-8 of that patent have already been invalidated

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

15

38027\13898134.1

under Section 101 by Judge Andrews in the District court of Delaware. *SynKloud Technologies, LLC v. HP Inc., et al.*, No. 19-1360-RGA, (D.Del., September 9, 2020). Adobe believes that assessing the validity of these six patents prior to addressing the allegations of infringement is most efficient for the Court and for all parties involved as Adobe believes these six patents would be invalid for the same reasons that Judge Andrews invalidated claims 1-8 of the '254 Patent. If the Court denies Adobe's anticipated motion, then Adobe proposes the parties proceed with the schedule under the Patent Local Rules.

Fact discovery was stayed, pursuant to the standard Order Governing Proceedings before Judge Albright, while this case was pending in the Western District of Texas. The only exception was that the Court granted Adobe's request to issue a document subpoena to the third-party inventor, Ted Tsao, because of concerns about Mr. Tsao's preservation of documents that relate to licensing, the on-sale bar, and conception and reduction to practice of the alleged inventions in the patents. However, once Plaintiff's counsel represented to the Court that it was representing Mr. Tsao in this case, Judge Albright resumed the full scope of the stay in discovery and permitted Plaintiff's counsel to withhold some of Mr. Tsao's responsive documents until fact discovery opened after the Markman hearing. However, this case was transferred, pursuant to the Federal Circuit's writ of mandamus, prior to a *Markman* hearing being held or fact discovery opening. Thus, there is no prejudice to SynKloud to have the section 101 issue resolved first because full discovery had not commenced in Texas.

## XVIII. TRIAL

Plaintiff's Statement

The case will be tried to a jury and expected length of the trial is 7 court days.

Defendant's Statement

The case will be tried to a jury and expected length of the trial is at least 10 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. SynKloud further certifies that is a wholly owned subsidiary of Idea Hub, Inc. SynKloud is not publicly traded and no publicly traded entity owns 10% or more of its stock.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

16

38027\13898134.1

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

While the Devlin Law Firm has less than fifty lawyers, pursuant to Paragraph 3 of this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases, SynKloud commits to providing meaningful opportunities to Peter Mazur and Deepali Brahmbhatt. Peter Mazur is a 2018 graduate who also has law clerk experience of 1 year from the New Jersey Superior Court. Deepali Brahmbhatt is a 2008 female graduate of color with a technical background who has not yet had an opportunity to examine witness at trial and is looking forward to oral arguments opportunities before this Court.Pursuant to Paragraph 3 of this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, Farella Braun + Martel LLP (as counsel for Defendant Adobe) commits to providing meaningful opportunities to Ashleigh Nickerson, a 2019 graduate from UC Hastings, on this matter. Ms. Nickerson has already assisted on a number of projects in this case during its pendency in the Western District of Texas, including substantive contributions to the preparation of Adobe's Preliminary Invalidity Contentions and development of its claim construction positions. Ms. Nickerson also attended the Rule 26(f) conference in this case. Farella Braun + Martel LLP anticipates that Ms. Nickerson will handle the oral argument on one or more discovery hearings in this case and take the depositions of one or more third-party prior art witnesses. Should this case proceed to trial, Ms. Nickerson may examine one or more third-party prior art witnesses. If the Court has any questions regarding this plan, Mr. Mar will be pleased to address them at the Case Management Conference.

## XXII. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

**Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules.**

None.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

17

38027\13898134.1

**Scope and Timing of Any Claim Construction Discovery.**

The Parties' proposed schedule, set forth above, includes a proposed deadline for claim construction discovery. In addition, unless otherwise ordered by the Court, any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

**Format of the Claim Construction Hearing.**

The parties propose that the Claim Construction Hearing consist of a three-hour presentation, with 90 minutes allotted to SynKloud and 90 minutes allotted to Adobe.

**How the Parties Intend to Educate the Court on the Technology at Issue.**

The parties propose educating the Court on the technology at issue through a tutorial immediately preceding the Claim Construction Hearing. The parties propose that the Court allow both parties to make a presentation no longer than 45 minutes.

**Non-Binding, Good-Faith Estimate of Damages Range.**

<u>Plaintiff's Statement</u>

Based on the sales information shared to-date, SynKloud estimates that the damages range is 70M plus without considering willfulness or exceptional case awards. SynKloud has not had the benefit of any discovery regarding the extent of the accused infringement and therefore reserves its estimate at this time for this reason.

The parties expect to be able to provide an estimate and explanation after the parties have exchanged Pat. L.R. 3-8 Damages Contentions and Pat. L.R. 3-9 Responsive Damages Contentions.

<u>Defendant's Statement</u>

Adobe has a good faith belief that the asserted patents are invalid and that Adobe also does not infringe the asserted patents, therefore, Plaintiff is not entitled to any damages. In addition, financial discovery has yet to take place, including discovery into prior attempts to license and/or sell the asserted patents by the inventor Ted Tsao.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

18

38027\13898134.1

|   |   |   |
|---|---|---|
| 1 | Dated:  January 28, 2021 | Respectfully submitted, |

*/s/* Deepali Brahmbhatt
Deepali Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:     (650) 254-9805

Timothy Devlin (*pro hac vice*)
Email: tdevlin@devlinlawfirm.com
Peter Mazur (*pro hac vice* forthcoming)
Email: pmazur@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

*Attorneys for Plaintiff*
*SynKloud Technologies LLC*

*/s/* Eugene Y. Mar
Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Ashleigh Nickerson (State Bar No. 331056)
anickerson@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Defendant*
*Adobe Inc.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

19

38027\13898134.1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I, Deepali Brahmbhatt, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By: /s/ Deepali Brahmbhatt
Deepali Brahmbhatt

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT -
Case No. 3:20-cv-07760-WHA

20

38027\13898134.1