UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNKLOUD TECHNOLOGIES, LLC,

      Plaintiff,

  v.

ADOBE INC.,

      Defendant.

No. C 20-07760 WHA

**NOTICE AND ORDER RE PROCEDURE FOR PATENT CASES**

    The purpose of this order is to inform the parties of several perhaps unique procedural aspects of patent cases before the undersigned.

1. Generic pleadings of infringement will not survive a motion to dismiss. A complaint should explain how or why an accused product infringes every element of every asserted claim or explain why that cannot be shown at this stage. If the accused product can be purchased on the market and reverse engineered, the patent owner must do that before suing. *Concerns about the feasibility or propriety of reverse engineering should be raised in a party's first appearance* — usually that will be the initial case management conference.

2. We often employ what has become known as the "patent showdown" procedure, especially when many patent claims are in play. In the patent showdown, the parties each choose one claim — presumably patent owner's strongest case for infringement and the accused's strongest case for invalidity or noninfringement — to proceed on expedited

1    fact and expert discovery and summary judgment motions.  This procedure affords

2    precise briefing on those chosen claims, permits a better decision on the merits, and gives

3    an indication of how the district court sees the problem early enough to stave off

4    unnecessary years of costly litigation.

5  3. Though the parties need not have a showdown claim chosen by the initial case

6    management conference, they should be prepared to pick and disclose such claim to the

7    opposing part shortly thereafter.  A brief follow-up case management conference will

8    then set the expedited discovery and briefing schedule for the showdown motions.  If the

9    parties have chosen different claims, the showdown will proceed in parallel motions for

10   summary judgment.  If, however, the parties choose the same claim, experience has

11   shown an opening motion by the patent owner and responsive cross motion by the

12   accused infringer will be the more efficient path forward.

13 4. At the showdown, the parties are limited to **ONE MOTION EACH REGARDLESS OF THE**

14   **NUMBER OF ISSUES RAISED**, *e.g.*, standing, invalidity, noninfringement, etc.  Opening

15   briefs are limited to **25 PAGES** of briefing and **120 PAGES** of declarations and exhibits (not

16   counting the patent itself).  The opposition must be limited to **25 PAGES** of briefing and

17   **120 PAGES** of declarations and exhibits.  The reply must be limited to **FIFTEEN PAGES** of

18   briefing and **20 PAGES** of declarations and exhibits.  In the case of voluminous documents

19   and transcripts attached as exhibits, counsel may append only the pages of the document

20   necessary to support the assertions in the briefing and provide reasonable context, along

21   with pages sufficient to identify the documents.  Any judicially noticed material will

22   count as an exhibit, but counsel may rely on exhibits and declarations already filed on the

23   same motion by the other side without counting them against counsel's limit.  All

24   briefing and declarations must be double-spaced with number twelve font with only

25   occasional single-spaced quotes and footnotes.

26 5. For many years, the Judge conducted a claim construction hearing about mid-way

27   through the fact-discovery period.  While this timing gave some guidance to counsel and

28   experts, it had the distinct disadvantage of requiring abstract rulings without the benefit

of a more complete record, thus increasing the risk of a claim construction error and a retrial (and, for that matter, subsequent second appeal). Instead of a stand-alone claim construction hearing, claim construction will now be done on summary judgment or at trial in settling the jury instructions. In this way, the Court will better understand the as-applied meaning of terms advanced by counsel as claim constructions.

6. The Court realizes that counsel would prefer to go into a trial or summary judgment knowing how the jury will be instructed as to all claim terms, but even under other case management approaches, that preference is rarely attainable. Postponing claim construction until after the judge has the benefit of the trial evidence or at least the benefit of the summary judgment record is more likely to avoid a mistake in claim construction. Moreover, it is customary in trials of all other types for counsel and experts to learn only at the instructions-settling conference near the end of the evidence what instructions will or will not be given. As is routinely done in non-patent trials, patent trial counsel should adjust their trial plan and their expert presentations to account for the risk that their favored claim constructions will be rejected or modified in the final instructions.

7. Although claim construction will only be done in the context of summary judgment (or settling the jury instructions), as above, the infringement and invalidity procedures of our Patent Local Rules must still be followed, including Rules 3-1 to 3-6, and 4-1 to 4-4 (except that the Court prefers six terms rather than ten). Claim construction briefs must still be filed under the schedule provided by Rule 4-5 but on summary judgment, the pertinent parts of the claim construction briefs shall be extracted out and/or cited as relevant. As stated above, the claim construction hearing under Rule 4-6 shall occur along with summary judgment. If the action originated in a different district and was subsequently transferred here, then plaintiff must timely refile its infringement contentions to conform to our Rule 3-1, which filing shall trigger the due date for the invalidity contentions.

8. After receiving the other side's preliminary claim construction disclosure under Rule 4-2, each party must move promptly to disclose any back-up contentions it may wish (or

3

1  eventually wish) to make for its infringement or invalidity case in the event the other

2  side's claim construction is thereafter adopted or else any such back-up contentions will

3  be deemed waived.  Promptly means within 28 days at the latest.  A party, of course, is

4  not required to have a back-up theory and may rest entirely on its own claim construction,

5  but in the event the other side's claim construction prevails, such party will not be

6  allowed to assert back-up theories at that later juncture.

7  9.  A mere letter, email, or disclosure other than the formal disclosure imposes no duty to

8  amend (nor will it satisfy the Patent Local Rules duty to disclose).  What triggers the

9  obligation to amend infringement or invalidity contentions is the formal claim

10  construction disclosure.  The obligation does not extend to any alternative claim

11  constructions set forth by an opponent, even those in a formal disclosure, for that would

12  invite rambling claim construction disclosures that would tend to burden or trap.  It

13  extends only to a cogent claim construction without variables or alternatives.  Nor does a

14  contention waiver apply in the event the other side modifies its claim construction later in

15  its joint statement or opening brief under Rules 4-3 and 4-5.  Any such modification

16  would offer a new opportunity to move to amend to assert backup contingent

17  infringement or invalidity contentions.  For further explanation, the parties shall please

18  refer to *Fluidigm v. IONpath*, No. C 19-05639 WHA, Dkt. No. 128 (Aug. 25, 2020).

19  10.  Following the showdown (for the remainder of the case), each party (or group of related

20  parties) shall be entitled to one summary judgment motion.  If it is granted in full or

21  nearly so, then that party (or group) may ask for leave to file another summary judgment

22  motion as long as the deadline to file one has not passed.  Any summary judgment

23  motion shall conform to the restrictions given above, unless stated otherwise.

24  11.  A movant may move before the summary judgment deadline and before the end of

25  discovery.  If it does so, however, it should ordinarily alert the other side of the specific

26  grounds for its contemplated motion reasonably in advance of the motion and cooperate

27  in all discovery the opposing side reasonably needs to meet the issues raised.  Once the

28  opposing side is on notice of the contemplated motion, it must act with diligence to

investigate and to conduct discovery to meet the anticipated motion. Lack of diligence will undermine any application to postpone the summary judgment motion under FRCP 56(d). Again, if the motion is largely granted, then the prevailing party may seek permission to file yet another summary judgment motion, but if it is largely denied, no further summary judgment motions will be allowed by that party, for a movant should base its motion on its best ground for summary relief. Permission may be sought by filing a five-page application setting forth the ground for the new motion. Any opposition must be filed within three court days.

**IT IS SO ORDERED.**

Dated: February 4, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE