United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ADOBE INC.,<br><br>    Defendant. | No. 3:20-cv-07760-WHA<br><br>**CASE MANAGEMENT ORDER, REFERENCE TO MAGISTRATE JUDGE FOR MEDIATION/ SETTLEMENT, AND FURTHER REFERENCE TO MAGISTRATE JUDGE FOR DISCOVERY SUPERVISION** |

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. No motions under Rule 12 or 56 shall be filed without the advance permission from the undersigned judge. Such permission may be sought via a three-page precis summarizing the proposed motion and explaining how it will advance the resolution of the overall case. Within 48 hours, the other side may submit a response (also limited to three pages). No footnotes, attachments, enclosures or declarations shall be permitted for either submission.

2. All initial disclosures under FRCP 26 must be completed by **FEBRUARY 26, 2021**, on pain of preclusion, including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

3. Leave to add any new parties or to amend pleadings must be sought by **APRIL 30, 2021**.

4.  The private mediator must be selected and on calendar by **FEBRUARY 28, 2021**, and the mediation must be completed by **MAY 31, 2021**.

5.  The non-expert discovery cut-off date shall be **DECEMBER 17, 2021**.

6.  The deadline for producing opinions of counsel under Patent Local Rule 3-7 shall be **28 calendar days** before the non-expert discovery cut-off, irrespective of the timeline in said rule.

7.  Subject to the exception in the next paragraph, the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **DECEMBER 17, 2021**. Within **fourteen calendar days** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports"). Within **seven calendar days** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial. If the party with the burden of proof neglects to make a timely disclosure, the other side, if it wishes to put in expert evidence on the same issue anyway, must disclose its expert report within the fourteen-day period. In that event, the party with the burden of proof on the issue may then file a reply expert report within the seven-day period, subject to possible exclusion for "sandbagging" and, at all events, any such reply material may be presented at trial only after, if at all, the other side actually presents expert testimony to which the reply is responsive. The cutoff for all expert discovery shall be **fourteen calendar days** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless

the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 calendar days** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

8. As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

9. At trial, the opening testimony of experts on direct examination will be limited to the matters disclosed in their reports (and any reply reports may be covered only on rebuttal or sur-rebuttal). Omitted material may not ordinarily be added on direct examination. This means the reports must be complete and sufficiently detailed. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements. For trial, an expert must learn and testify to the full amount of billing and unbilled time by him or his firm on the engagement.

10. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not)

3

|   |   |
|---|---|
| 1 | violate standards.  Rather, the expert should be asked for his or her opinion based — |
| 2 | explicitly — upon an assumed fact scenario.  This will make clear that the witness is not |
| 3 | attempting to make credibility and fact findings and thereby to invade the province of the |
| 4 | jury.  Of course, a qualified expert can testify to relevant customs, usages, practices, |
| 5 | recognized standards of conduct, and other specialized matters beyond the ken of a lay |
| 6 | jury.  This subject is addressed further in the trial guidelines referenced below. |

11. Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (except holidays) at 8:00 a.m.  The Court sometimes rules on the papers, issuing a written order and vacating the hearing.  If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.  Unless discovery supervision has been referred to a magistrate judge, discovery motions should be as per the supplemental order referenced below.

12. The last day to file dispositive motions shall be **MARCH 3, 2022**.

13. The **final pretrial conference** shall be held on **MAY 25, 2022**, at **2:00 p.m.**  Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference.  For the form of submissions for the final pretrial conference and trial, please see below.

14. A **jury trial** shall begin on **JUNE 6, 2022**, at **7:30 a.m.**, in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.  The trial schedule and time limits shall be set at the final pretrial conference.  Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials.  Counsel and the parties should plan accordingly, including advising witnesses.

15. Counsel may not stipulate around the foregoing dates without Court approval.

16. For many years, the Court conducted a claim construction hearing about mid-way through the fact-discovery period. While this timing gave some guidance to counsel and experts, it had the distinct disadvantage of requiring abstract rulings without the benefit of a more complete record, thus increasing the risk of a claim construction error and a re-trial (and, for that matter, subsequent second appeal). Instead of a stand-alone claim construction hearing, claim construction will now be done on summary judgment or at trial in settling the jury instructions. In this way, the Court will better understand the as-applied meaning of terms advanced by counsel as claim constructions.

17. After receiving the other side's preliminary claim construction disclosure under Rule 4-2, each party must move promptly to disclose any back-up contentions it may wish (or eventually wish) to make for its infringement or invalidity case in the event the other side's claim construction is thereafter adopted or else any such back-up contentions will be deemed waived. Promptly means within 28 days at the latest. A party, of course, is not required to have a back-up theory and may rest entirely on its own claim construction, but in the event the other side's claim construction prevails, such party will not be allowed to assert back-up theories at that later juncture.

18. A mere letter, email, or disclosure other than the formal disclosure imposes no duty to amend (nor will it satisfy the Patent Local Rules duty to disclose). What triggers the obligation to amend infringement or invalidity contentions is the formal claim construction disclosure. The obligation does not extend to any alternative claim constructions set forth by an opponent, even those in a formal disclosure, for that would invite rambling claim construction disclosures that would tend to burden or trap. It extends only to a cogent claim construction without variables or alternatives. Nor does a contention waiver apply in the event the other side modifies its claim construction later in its joint statement or opening brief under Rules 4-3 and 4-5. Any such modification would offer a new opportunity to move to amend to assert backup contingent infringement or invalidity contentions. For further explanation, the parties shall please refer to *Fluidigm v. IONpath*, No. C 19-05639 WHA, Dkt. No. 128 (Aug. 25, 2020).

19. Each party (or group of related parties) shall be entitled to one summary judgment motion. If it is granted in full or nearly so, then that party (or group) may ask for leave to file another summary judgment motion as long as the deadline to file one has not passed. Any summary judgment motion must be limited to 25 pages of briefing and 120 pages of declarations and exhibits (not counting the patent itself). The opposition must be limited to 25 pages of briefing and 140 pages of declarations and exhibits. The reply must be limited to fifteen pages of briefing and twenty pages of declarations and exhibits. In the case of voluminous documents and transcripts attached as exhibits, counsel may append only the pages of the document necessary to support the assertions in the briefing and provide reasonable context, along with pages sufficient to identify the documents. Any judicially noticed material will count as an exhibit, but counsel may rely on exhibits and declarations already filed on the same motion by the other side without counting them against counsel's limit. All briefing and declarations must be double-spaced with number twelve font with only occasional single-spaced quotes and footnotes.

20. A movant may move before the summary judgment deadline and before the end of discovery. If it does so, however, it should ordinarily alert the other side of the specific grounds for its contemplated motion reasonably in advance of the motion and cooperate in all discovery the opposing side reasonably needs to meet the issues raised. Once the opposing side is on notice of the contemplated motion, it must act with diligence to investigate and to conduct discovery to meet the anticipated motion. Lack of diligence will undermine any application to postpone the summary judgment motion under FRCP 56(d). Again, if the motion is largely granted, then the prevailing party may seek permission to file yet another summary judgment motion, but if it is largely denied, no further summary judgment motions will be allowed to that party, for a movant should base its motion on its best ground for summary relief. Permission may be sought by filing a five-page application setting forth the ground for the new motion. Any opposition must be filed within three court days.

21. The Court realizes that counsel would prefer to go into a trial or summary judgment knowing how the jury will be instructed as to all claims terms, but even under other case management approaches, that preference is rarely attainable. Postponing claim construction until after the judge has the benefit of the trial evidence or at least the benefit of the summary judgment record is more likely to avoid a mistake in claim construction. Moreover, it is customary in trials of all types for counsel and experts to learn only at the instructions-settling conference near the end of the evidence what instructions will or will not be given. As is routinely done in non-patent trials, patent trial counsel should adjust their trial plan and their expert presentations to account for the risk that their favored claim constructions will be rejected or modified in the final instructions.

22. Although claim construction will only be done in the context of summary judgment (or settling the jury instructions), the infringement and invalidity procedures of our Patent Local Rules must still be followed, including Rules 3-1 to 3-6, and 4-1 to 4-4 (except that the Court prefers six terms rather than ten). Claim construction briefs must still be filed under the schedule provided by Rule 4-5 but on summary judgment, the pertinent parts of the claim construction briefs shall be extracted out and/or cited as relevant. As stated above, the claim construction hearing under Rule 4-6 shall occur along with summary judgment. If the action originated in a different district and was subsequently transferred here, then plaintiff must timely refile its infringement contentions to conform to our Rule 3-1, which filing shall trigger the due date for the invalidity contentions.

23. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ene. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

24. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of

7

dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case.

Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

25. If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" and other orders issued by the Clerk's office when this action was commenced. Among other things, the supplemental order explains when submissions are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely). With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil [Jury/Bench] Cases Before The Honorable William Alsup." All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov. The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Angela DiIenno at (415) 522-2020 to learn how to pick up a hard copy.

26. The deadline for bringing all discovery motions or extension motions based on discovery violations will be **45 calendar days** prior to the fact discovery cutoff (for fact discovery) and **ten calendar days** prior to the expert discovery cutoff (for expert discovery). The purpose of these lead times is to allow briefing, resolution and follow-up, to the extent practical, before the discovery cutoffs. It is the responsibility of counsel to stay on top of discovery and attendant problems and timely bring the problems to the attention of the

8

1   magistrate judge in order to avoid delays in the schedule, including giving the magistrate
2   judge enough time to rule.
3   27. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)
4   must be made on the schedule established by said rule.

**IT IS SO ORDERED.**

Dated:  February 5, 2021



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE