1  Deepali A. Brahmbhatt (SBN 255646)
   Email: dbrahmbhatt@devlinlawfirm.com
2  DEVLIN LAW FIRM LLC
   3120 Scott Blvd. #13,
3  Santa Clara, CA 95054
   Telephone:    (650) 254-9805
4
5  Timothy Devlin (*pro hac vice*)
   Email: tdevlin@devlinlawfirm.com
   Peter Mazur (*pro hac vice*)
6  Email: pmazur@devlinlawfirm.com
   Devlin Law Firm LLC
7  1526 Gilpin Avenue
   Wilmington, DE 19806
8  Telephone: (302) 449-9010

9  *Attorneys for Plaintiff
   SynKloud Technologies LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, | Case No. 3:20-cv-07760-WHA |
| Plaintiff, | **SYNKLOUD STATEMENT REGARDING DISCOVERY AND INFRINGEMENT CONTENTIONS** |
| vs. | |
| ADOBE, INC., | |
| Defendant. | The Hon. William H. Alsup |

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") submits this Statement, in response to the Statement submitted by Defendant Adobe.

SynKloud believes that Defendant's statement runs contrary to the Court's Order (Dkt. No. 97), ordering SynKloud to amend its contentions "at pace," or in the alternative for the parties to submit a joint statement proposing an alternate path forward. While the parties initial sought to prepare a joint statement, it became clear that Defendant merely sought to reargue points previously rejected by the Court. Accordingly, SynKloud informed Defendant that it would instead proceed at pace, as the Court set forth.

1  Subsequently, Defendant indicated it would file its own statement, in contravention of the
2  Court's Order.  Accordingly, SynKloud prepared its own separate statement, and feels obligated to
3  submit it having seen the ECF filing of Defendant's promised individual statement.
4  Regarding the substantive issues that SynKloud understands that Defendant intends to
5  address, the parties are at an impasse regarding the timing of SynKloud's amendment to its
6  infringement contentions, as well as the scope and definition of "Accused Instrumentalities" and
7  other discovery issues.  On the first issue, Defendant apparently seeks to circumvent this Court's
8  recent ruling that SynKloud amend its infringement contentions.  (Dkt. No. 97.)  Instead,
9  Defendant articulates the issue below as whether SynKloud's *current* charts "comply" with the
10 Local Rules.  On the second issue, SynKloud respectfully requests that the Court's ruling on at
11 least the "Accused Instrumentalities" dispute at this stage will help streamline several underlying
12 discovery disputes.  Defendant's strategy on this front appears to be to deny SynKloud relevant
13 information, and conduct the patent showdown and its related briefing under unfair circumstances.
14 For months, SynKloud has sought certain discovery related to Defendant's complaints
15 about SynKloud's infringement contentions.  While SynKloud believes its current contentions
16 were sufficient, it has agreed to amend to obviate any issues and provide additional information.
17 To do so, however, requires additional discovery that the parties have discussed.  Amending the
18 contentions to provide the additional details that Defendant requires using non-public information,
19 especially source code.  SynKloud is prepared to proceed at pace and provide these amendments
20 by April 26 within two weeks of review by SynKloud's expert.
21 Defendant has delayed producing that discovery, even though it recognized its relevance to
22 the contentions.  As one example, SynKloud has requested all relevant source code related to the
23 Accused Instrumentalities.  Defendant provided some source code early on, but only recently
24 made available all server source code, and is still in the process of providing yet further source
25 code from client applications.  Defendant has stated that all such code will be made available for
26 inspection by April 9, 2021.  On the assumption that Defendant will meet this date, SynKloud's
27 expert is scheduled to inspect the source code in the week of April 12, 2021.  SynKloud thus
28 proposes serving amended infringement contentions incorporating this source code by April 26,

2021.

Defendant opposes this proposed date of service without giving any alternate date that would work, simply stating "now" as the time it requires the amended contentions. Its primary argument is that SynKloud's definition of "Accused Instrumentalities," and thus the contentions as a whole, is unworkable. This argument fails for several reasons.

First, this action involves *server* claims of five patents related to cloud storage. The Accused Instrumentalities are thus Adobe's cloud storage services: (1) Document Cloud, (2) Creative Cloud, (3) Lightroom Cloud and (4) Lightroom in combination with Creative Cloud. SynKloud's infringement contentions provide separate claim charts for items (1) and (2), and a combined claim chart that demonstrates infringement for (3) and (4). These variations in charting are present for each of the asserted claims for each of the five patents.

Second, Defendant complains that there are multiple client applications that cooperate with the cloud storage services, and argues that somehow this requires SynKloud to produce individual charts with respect to every combination of cloud storage service *and* every app (around twenty or more apps for each cloud storage service). This argument ignores the fact that the claims are agnostic to the particular app that utilizes cloud storage, and thus individual charts on the cloud services are sufficient. To be clear, SynKloud's infringement contentions show use of examples of Adobe client apps, but the claims are not dependent on the specific operation of each individual app.

Defendant has argued that somehow the client apps are integrated with the cloud servers in meaningful ways, but has conceded in a meet and confer that not all client apps are integrated with cloud storage services and then refused to disclose that information to SynKloud in response to discovery.

Finally, the case law cited by Adobe goes towards consumer products that are readily available in the market. Here, while the cloud storage services are sold to the public, the details of back-end server operation are the subject of party discovery. It is for this reason that SynKloud requests a moderate time to obtain and review that discovery, some of which has already been promised, and then serve its amended contentions. SynKloud expects to be able to serve by April

26, 2021. In contrast, Adobe's statement contradicts the Court's Order allowing SynKloud to move to amend its infringement contentions (Dkt. No. 97), and repeats the same arguments that the Court already rejected at this stage, noting they could be raised again after SynKloud's amendment (*id.*).

Dated: April 5, 2021                                   Respectfully submitted,

                                                       */s/* Deepali Brahmbhatt
                                                       Deepali Brahmbhatt (SBN 255646)
                                                       Email: dbrahmbhatt@devlinlawfirm.com
                                                       DEVLIN LAW FIRM LLC
                                                       3120 Scott Blvd. #13,
                                                       Santa Clara, CA 95054
                                                       Telephone:     (650) 254-9805

                                                       Timothy Devlin (*pro hac vice*)
                                                       Email: tdevlin@devlinlawfirm.com
                                                       Peter Mazur (*pro hac vice* forthcoming)
                                                       Email: pmazur@devlinlawfirm.com
                                                       Devlin Law Firm LLC
                                                       1526 Gilpin Avenue
                                                       Wilmington, DE 19806
                                                       Telephone: (302) 449-9010

                                                       *Attorneys for Plaintiff SynKloud Technologies LLC*

**CERTIFICATE OF SERVICE**

I, Deepali A. Brahmbhatt, certify that pursuant to Local Rule 5-5, counsel of record who have consented to electronic service are being served on April 5, 2021 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

Executed on April 5, 2021.

                                                 */s/ Deepali A. Brahmbhatt*
                                                 Deepali A. Brahmbhatt