1   Eugene Y. Mar (State Bar No. 227071)
    emar@fbm.com
2   Winston Liaw (State Bar No. 273899)
    wliaw@fbm.com
3   Sushila Chanana (State Bar No. 254100)
    schanana@fbm.com
4   Elizabeth M. Toledo (State Bar No. 312652)
    ltoledo@fbm.com
5   Ashleigh Nickerson (State Bar No. 331056)
    anickerson@fbm.com
6   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
7   San Francisco, California 94104
    Telephone: (415) 954-4400
8   Facsimile: (415) 954-4480

9   Attorneys for ADOBE INC.

10                    UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13  SYNKLOUD TECHNOLOGIES, LLC,              Case No. 3:20-CV-07760-WHA

14                  Plaintiff,               **ADOBE INC'S OPPOSITION TO
                                             SYNKLOUD TECHNOLOGIES, LLC'S
15        vs.                                MOTION FOR LEAVE TO AMEND
                                             INFRINGEMENT CONTENTIONS**
16  ADOBE INC.,

17                  Defendant.               The Hon. William H. Alsup
                                             Date: May 6, 2021
18                                           Time: 8:00 a.m.
                                             Courtroom: 12
19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OPPOSITION TO MOTION FOR LEAVE
TO AMEND INFRINGEMENT CONTENTIONS
Case No. 3:20-CV-07790-WHA

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL BACKGROUND ........................................................................................2

     A.      The Western District of Texas Action.....................................................................2

     B.      The Action Was Transferred to the Northern District of California ........................2

     C.      SynKloud's Proposed Amended Contentions Belatedly Add Citations to Publicly Available Information Available Before SynKloud Filed Suit in 2019 and Suffer from the Same Defects As Its Three Prior Sets of Contentions........................................................................................................4

III.    LEGAL STANDARD FOR AMENDING INFRINGEMENT CONTENTIONS ...............5

IV.     SYNKLOUD HAS NOT SHOWN AND CANNOT SHOW GOOD CAUSE TO AMEND .......................................................................................................................6

     A.      SynKloud Has Not Been Diligent ..........................................................................6

          1.      SynKloud's cover pleading adds infringement assertion against 50 products that rely on information available to SynKloud before it served its first infringement contentions 16 months ago...............................7

          2.      SynKloud's amendments to its charts add screenshots of using the application that it should have done before filing suit and citations to documents Adobe produced over nine months ago. ....................................9

          3.      SynKloud cannot use more recently produced source code to justify amendments attempting to address the numerous deficiencies in its contentions. ...................................................................................9

V.      GRANTING LEAVE TO AMEND WOULD PREJUDICE ADOBE. ...........................11

     A.      Leave to Amend Would Be Unduly Prejudicial Particularly in Light of the Upcoming Patent Showdown ................................................................................11

     B.      SynKloud's Proposed Amended Contentions Are Insufficient and Thus Futile....................................................................................................................13

          1.      SynKloud's claim charts still fail to provide the required mapping to explain how claim limitations are met. ........................................................13

          2.      SynKloud still fails to provide infringement contentions for indirect infringement. ..............................................................................................14

          3.      SynKloud still fails to provide infringement contentions for the Doctrine of Equivalents..........................................................................14

VI.     CONCLUSION ...........................................................................................................15

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND
Case No. 3:20-CV-07790-WHA

i

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Apple Inc. v. Samsung Elecs. Ltd.*,
5
    2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) .............................................................6

6

*Bender v. Maxim Integrated Prod., Inc.*,
    2010 WL 1135762 (N.D. Cal. Mar. 22, 2010) ........................................................14
7

*Berger v. Rossignol Ski Co.*,
8
    2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) ..........................................................5

9

*Blue Spike, LLC v. Adobe Sys., Inc.*,
    2015 WL 335842 (N.D. Cal. Jan. 26, 2015) ..........................................................14
10

11

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
    2014 WL 186405 (N.D. Cal. Jan. 16, 2014) ..........................................................13

12

*Collaborative Agreements, LLC v. Adobe Sys., Inc.*,
13
    2016 WL 1461487 (N.D. Cal. Apr. 14, 2016) ..........................................................8

14

*CyWee Grp. Ltd. v. Apple Inc.*,
15
    2016 WL 7230865 (N.D. Cal. Dec. 14, 2016) .....................................................8, 13

16

*Finjan, Inc. v. SonicWall, Inc.*,
    2020 WL 1139641 (N.D. Cal. Mar. 9, 2020) .....................................................9, 10

17

*Fujifilm Corp. v. Motorola Mobility LLC*,
18
    2015 WL 757575 (N.D. Cal. Feb. 20, 2015) ..........................................................6

19

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    2011 WL 5574807 (N.D. Cal. Nov. 16, 2011) ....................................................5, 11
20

21

*N. Star Innovations Inc. v. Kingston Tech. Co.*,
    2018 WL 3155258 (C.D. Cal. May 7, 2018) ........................................................14

22

*O2 Micro Int'l Ltd.*, 467 F.3d 1355 (Fed. Cir. 2006) ................................................6, 10

23

*Oracle Am., Inc. v. Google Inc.*,
24
    2011 WL 3443835 (N.D. Cal. Aug. 8, 2011) ..........................................................6

25

*Radware, Ltd. v. A10 Networks, Inc.*,
    2014 WL 3725255 (N.D. Cal. July 28, 2014) ......................................................5, 6
26

27

*Richtek Tech. Corp. v. uPi Semiconductor Corp.*,
    2016 WL 1718135 (N.D. Cal. Apr. 29, 2016) ......................................................13

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND         ii
Case No. 3:20-CV-07790-WHA

*Shared Memory Graphics LLC v. Apple, Inc.*,
    812 F. Supp. 2d 1022 (N.D. Cal. 2010) ....................................................................8

*Synopsys, Inc. v. ATopTech, Inc.*,
    2016 WL 4945489 (N.D. Cal. Sept. 16, 2016).......................................................10

*Uniloc 2017 LLC v. Apple, Inc.*,
    2019 WL 8810168 (N.D. Cal. Dec. 16, 2019) .......................................................13

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    236 F. Supp. 3d 1110 (N.D. Cal. 2017) ...................................................................6

*View Engineering, Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981 (Fed. Cir. 2000)...................................................................................8

**FEDERAL RULES**

Fed. R. Civ. P. 11 ...............................................................................................................8

Patent Local Rules
    Rule 3-1 ............................................................................................1, 2, 8, 9, 13, 15
    Rule 3-4 ....................................................................................................................3
    Rule 3-6 ................................................................................................................5, 6

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND
Case No. 3:20-CV-07790-WHA

iii

1    I.      **<u>INTRODUCTION</u>**

2            In its present motion, SynKloud attempts to excuse its lack of diligence by pointing to the

3    timing of discovery in this case.  Dkt. 103 at 4.  However, as this Court has cautioned, "Patent

4    Local Rule 3-1 requires a patent owner to come to this district with a mature case prepared and to

5    disclose it by its infringement contentions within fourteen days of the initial case management

6    conference.  No discovery required."  Dkt. 101, lns. 11-13.  Thus, SynKloud's attempts to rescue its

7    deficient infringement contentions by relying on publicly available website materials, documents

8    Adobe produced last year while the case was in Texas, and source code Adobe made available in

9    anticipation of the Patent Showdown should be rejected.  SynKloud should have been ready to

10   provide notice of its infringement theory for each accused instrumentality by December 2019 when

11   it first served infringement contentions in the Texas action and certainly no later than February 18,

12   2021, when it was required to serve infringement contentions in this case following the transfer.

13   This lack of diligence is fatal to SynKloud's motion.

14           SynKloud's proposed amended contentions and newly cited evidence suffer from the same

15   foundational deficiencies as its first three attempts.  First, SynKloud continues to improperly mix

16   and match citations across different Adobe products.  Second, SynKloud's cut and pasted blocks of

17   file and line number citations to Adobe's source code files lack any explanation as to how the

18   citations relate to the asserted claims or what applications or services within the suite of products

19   the various code citations pertain to.  These source code citations also cannot justify SynKloud's

20   other belated amendments relying on public website materials and technical documents Adobe

21   produced last summer.  Finally, SynKloud included new screen shots of someone using certain

22   Adobe products—something again that could and should have been done before it served its first

23   attempt at infringement contentions in December 2019.  Because of these deficiencies, SynKloud's

24   proposed amendment is futile, and granting leave at this stage would prejudice Adobe by forcing it

25   to address yet another version of deficient contentions that fail to adequately identify any coherent

26   theory of infringement.

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

## II.      FACTUAL BACKGROUND

### A.      The Western District of Texas Action

On September 6, 2019, SynKloud sued defendant Adobe in the Western District of Texas. Dkt. 1.  On December 20, 2019, SynKloud served its preliminary infringement contentions pursuant to Judge Alan Albright's Order Governing Proceedings, and it served amended infringement contentions on February 27, 2020.  Declaration of Eugene Mar ("Mar Decl.") ¶ 3.

On March 13, 2020, Adobe completed its initial technical document production by producing documents showing the functionality it could discern from SynKloud's infringement contentions. Ex. A.[1]  Subsequently, Adobe produced all technical documents it could locate after a reasonably diligent search relating to server-side cloud storage functionality of the products and services in the Creative Cloud, Document Cloud, and Lightroom suites, totaling nearly 30,000 additional documents, by July 17, 2020.  Ex. B.

### B.      The Action Was Transferred to the Northern District of California

Following a writ of mandamus issued by the Federal Circuit, the case was transferred to this District on November 4, 2020.  Dkt. 64.  On January 26, 2021, Adobe sent a letter to SynKloud identifying the many ways in which its existing infringement contentions from Texas failed to satisfy this Court's Patent Local Rule 3-1.  Ex. C.  For instance, SynKloud had failed to sufficiently identify the accused products, failed to explain how each accused product infringed each asserted patent claim, failed to show how even a single product infringed one patent claim—let alone the numerous products in each product suite—by mixing and matching products in its charts, failed to provide contentions for its alleged indirect infringement claims, and failed to provide any contentions based on the doctrine of equivalents.  Ex. C.

On February 18, 2021, SynKloud served its infringement contentions under this Court's local rules but failed to address the many deficiencies that Adobe had identified weeks earlier.  Mar Decl. ¶ 7.  In these contentions, SynKloud defined the "Accused Instrumentality of the Accused Products and/or Services" as follows:

---

[1]    All lettered exhibits referenced herein are attached to the Declaration of Eugene Mar.

Farella Braun + Martel LLP
235 Montgomery Street, 17ᵗʰ Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND
Case No. 3:20-CV-07790-WHA                                    2

> **B.  ACCUSED INSTRUMENTALITY OF THE ACCUSED PRODUCTS AND/OR SERVICES**
>
> Adobe Document Cloud, Creative Cloud, or Lightroom Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Versions, using infringing Adobe servers that operate with client-side Adobe software that is connected through wireless networks including, for example, Adobe Mobile Applications, Web browser interface and/or Desktop Applications (collectively, "Accused Products and/or Services").
>
> "Accused Instrumentality"[1] means:
>
>     i.    Any technology, equipment, services, products, systems or methods that relate to providing using, or causing to be used services for remote cloud storage that operates in conjunction with client-side software that is connected through wireless networks, including any web browser interfaces and/or desktop applications.
>
>     ii.    Adobe Accused Instrumentality includes Adobe Document Cloud, Creative Cloud, or Lightroom Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Versions, using infringing Adobe servers that operate with client-side Adobe software that is connected through wireless networks including, for example, Adobe Mobile Applications, Web browser interface and/or Desktop Applications.

Dkt. 96-4.  This time, SynKloud provided three charts for each asserted patent:  one chart for the Creative Cloud suite, one chart for the Document Cloud suite, and one chart for the Lightroom suite.  Mar Decl. ¶ 7.  These charts suffered the same problems as before, including failing to explain how the claim limitations were met and mixing and matching citations for different applications.  Mar Decl. ¶ 8.

Adobe once again informed SynKloud on March 16 of the many inadequacies in its infringement contentions, which by then were its third attempt to describe how the accused products allegedly infringe.  Ex. D.  Despite the many defects in SynKloud's infringement contentions, Adobe met its obligation under the local rules to produce "documentation sufficient to show the operation of" the accused products by making its source code available for inspection on March 19, 2021, weeks *before* that production was due under Patent Local Rule 3-4.  Ex. E.  SynKloud refused to review that code until April 12, arguing that it would not review any code until both client and server-side source code was produced—despite later acknowledging that its claims are server claims.  *See* Dkt. 99 at p. 3., ln. 6 ("First, this action involves *server* claims of five patents related to cloud storage.") (emphasis in original).  To again placate SynKloud, Adobe

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                    3
Case No. 3:20-CV-07790-WHA

1   acquiesced and produced all client-side source code relating to cloud storage functionality on April

2   9.  Ex. F.  At the conclusion of its inspection, SynKloud incorrectly claimed that Adobe had not

3   produced "Shared Cloud" and "CFS" code.  Adobe informed SynKloud that it was mistaken before

4   SynKloud filed its motion to amend; indeed, Adobe's source code production contains a top-level

5   folder titled "Shared Cloud" that was overlooked by SynKloud.  Mar Decl. ¶ 10.

6           On March 23, 2021, the parties met and conferred regarding the deficiencies in SynKloud's

7   infringement contentions.  Mar Decl. ¶ 11.  SynKloud conditionally agreed to amend its

8   infringement contentions for two claims in one of the five asserted patents but would not say

9   whether its amendment would address all the deficiencies identified by Adobe—even for those two

10  claims—and refused to provide a deadline for such an amendment.  *Id.*  Given SynKloud's

11  position, Adobe moved to strike the infringement contentions on March 26.  Dkt. 96.  In response,

12  the Court ordered SynKloud to file its motion for leave to amend its infringement contentions by

13  April 19, 2021.  Dkt. 101.

14          **C.**     **SynKloud's Proposed Amended Contentions Belatedly Add Citations to**
                       **Publicly Available Information Available Before SynKloud Filed Suit in 2019**
15                     **and Suffer from the Same Defects As Its Three Prior Sets of Contentions**

16          On April 19, SynKloud filed and served its proposed amended contentions.  As far as

17  Adobe can tell (because SynKloud did not provide a redline), the new citations to documents in

18  SynKloud's proposed amendment fall into three categories:  (1) citations to publicly available

19  information, (2) citations to Adobe's technical document production made no later than nine

20  months ago on July 17, 2020, and (3) citations to Adobe's source code files.

21          In its proposed amended contentions, SynKloud changes the definition of Accused Products

22  to now list 50 different client applications.  Dkt. 103-3, Ex. 1 at 2-3.  It also remaps its charts,

23  expanding from 15 charts to 21 charts across the same five patents.  However, like before,

24  SynKloud does not provide claim charts showing how any product in its entirety (i.e., showing one

25  product or one combination of products that meets every limitation of a claim), much less how each

26  of the 50 listed applications purportedly infringe each of the patents.  Instead, for the Creative

27  Cloud suite, SynKloud provides one "exemplary" chart per patent containing the following two

28  products: "Creative Cloud client" and "XD."  Dkt. 103-3, Exs. 2, 6, 10, 14, 18.  For Document

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                    4
Case No. 3:20-CV-07790-WHA

Cloud, SynKloud provides one "exemplary" chart per patent containing the following four products and/or services: "Acrobat," "Adobe Sign," "Fill & Sign," and "Scan." Dkt. 103-3, Exs. 3, 7, 11, 15, 19. And for Lightroom, SynKloud provides one "exemplary" chart per patent for "Lightroom Server" containing the following three products: "Lightroom Web," "Lightroom Desktop," and "Lightroom Mobile App," and provided one chart per patent for "Lightroom with Creative Cloud."[2] Dkt. 103-3, Exs. 4, 5, 8, 9, 12, 13, 16, 17, 20, 21. In these charts, SynKloud continues to inappropriately mix and match citations from various applications.

SynKloud does not explain how the Document Cloud and Lightroom charts are exemplary of other applications. For Creative Cloud, it supplies a new exhibit to its proposed infringement contentions (Exhibit 22 to the Amended Infringement Contentions, Dkt. 103-3, Ex. 22) that contains screenshots of someone using certain applications, citations to publicly available documents, and citations to Adobe's technical document production produced no later than July of 2020.

## III.   LEGAL STANDARD FOR AMENDING INFRINGEMENT CONTENTIONS

Under Patent Local Rule 3-6, a plaintiff may only amend its infringement contentions "upon a timely showing of good cause." A good cause determination "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 3725255, at *1 (N.D. Cal. July 28, 2014) (internal quotations omitted); *see also* Dkt. 97 (noting that a motion to amend infringement contentions "will likely turn on patent owner's diligence (or not) in seeking amendment."). To prevent the "vexatious shuffling of positions" that the Patent Local Rules are designed to avoid, courts subject motions to amend infringement contentions to a higher level of scrutiny than similar motions to amend pleadings. *See Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006) ("This Court agrees that the Patent Local Rule's 'good cause' standard remains more conservative than the lenient standard for amending pleadings."). As such, the burden is on the moving party to establish diligence rather than the non-moving party to establish the lack of diligence. *See Karl*

---

[2]   SynKloud's reference to "Lightroom with Creative Cloud" is nonsensical because Creative Cloud is a suite and thus does not work "with" Lightroom.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                 5
Case No. 3:20-CV-07790-WHA

1  *Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011)

2  (quoting *O2 Micro Int'l Ltd.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

3        This Court has held that lack of diligence alone can negate good cause.  *See Oracle Am., Inc.

4  v. Google Inc.*, 2011 WL 3443835, at *2 (N.D. Cal. Aug. 8, 2011) (finding that defendant did not

5  exercise diligence because it "waited several months after discovering…its new defenses before it

6  sought permission to move for leave to supplement its invalidity contentions").  "If the court finds

7  that the moving party was not diligent in amending its infringement contentions, there is no need to

8  consider the question of prejudice to the non-moving party, although a court in its discretion may

9  elect to do so."  *Apple Inc. v. Samsung Elecs. Ltd.*, 2012 WL 5632618 at *2 (N.D. Cal. Nov. 15,

10  2012) (quoting *O2 Micro,* 467 F.3d at 1363 (Fed. Cir. 2006)).  "In considering the party's

11  diligence, the critical question is whether the party could have discovered the *new* information

12  earlier had it acted with the requisite diligence."  *Radware*, 2014 WL 3725255, at *1 (quoting

13  *Apple Inc.,*2012 WL 5632618, at *2); *see Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F.

14  Supp. 3d 1110, 1114 (N.D. Cal. 2017); *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL

15  757575, at *8 (N.D. Cal. Feb. 20, 2015).

16  **IV.  SYNKLOUD HAS NOT SHOWN AND CANNOT SHOW GOOD CAUSE TO
17  AMEND**

18      **A.  SynKloud Has Not Been Diligent**

19        The Patent Local Rules prevent parties from amending infringement contentions to include

20  information that is not new or that is publicly available, as it would indicate the moving party's

21  lack of diligence.  *See* Patent L.R. 3-6.  SynKloud claims that it "has been diligent in the discovery

22  underlying its additional amendments" in the form of source code.  Dkt. 103 at 4.  SynKloud's

23  focus on source code is a mere distraction.  SynKloud has had Adobe's technical documents for at

24  least 9 months and provides no explanation why it could not have added citations to those

25  documents before now.  It is simply improper, and misleading, for SynKloud to claim diligence

26  based on an alleged need for new discovery of source code only to include public information and

27  documents produced last year in its proposed amended contentions.  SynKloud's amended

28  infringement contentions are replete with new citations to publicly available information,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND          6
Case No. 3:20-CV-07790-WHA

1   documents that Adobe produced between May and July of last year, screenshots of someone using

2   the products that it should have included from the outset of this case, and hundreds of pages of

3   source code citations without any explanation relating the code to each claim limitation.  SynKloud

4   has not been diligent and its amended contentions should be rejected.

5             **1.**     **SynKloud's cover pleading adds infringement assertion against 50 products that rely on information available to SynKloud before it served**

6                   **its first infringement contentions 16 months ago.**

7        SynKloud relies on publicly available information to craft a rationale for why its new set of

8   claim charts, which only specifically name 9 applications and/or services within the Creative

9   Cloud, Document Cloud, and Lightroom suites of products, are exemplary of the 50 client

10  applications SynKloud now purports to accuse of infringement.  The explanation for why its

11  Creative Cloud chart is exemplary (SynKloud does not appear to provide any for Document Cloud

12  and Lightroom), found in Exhibit 22 of the proposed amended infringement contentions, includes

13  only (i) screen shots of someone using products; (ii) citations to documents produced on May 22,

14  2020; and, (iii) citations to publicly available information on Adobe's website or public

15  information discoverable via a simple Google search of "Creative Cloud."  *See generally* Dkt. 103-

16  3, Ex. 22; Mar Decl. ¶¶ 12-13.  The public information and website material were available since

17  the beginning of the case; the screen shots of someone using the products should have been done at

18  the outset of the case; and the remaining documents cited in Exhibit 22 of the proposed

19  infringement contentions were available to SynKloud no later than May 22, 2020.[3]

20        The addition of all these Adobe applications and services is not based on new or privately-

21  held information.  A complete list of Adobe's product names is publicly available on Adobe's

22  website,[4] and is further available by purchasing the various Creative Cloud, Document Cloud, and

---

[3]   Exhibit 22 also fails to demonstrate why or how the Creative Cloud claim charts are exemplary. Exhibit 22 purports to show that more than 30 client-side applications are managed by "Creative Cloud Client App," which SynKloud claims "provide[s] underlying cloud storage technology covering accused instrumentalities."  However, that chart does not include any substantive textual information tying any of the client-side applications to any claim language or suggest that a similarity between any products is relevant to any particular infringement theory.  Dkt. 103-3, Ex. 22 at 2-7.

[4]   Ex. G (https://helpx.adobe.com/support.html#/all_products) (providing "ALL (A-Z)" tab that allows visitors to scroll left and right to see all products).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1    Lightroom suite subscriptions, each of which retail for less than $60 per month and as little as $10

2    per month for some.  SynKloud thus could have, and indeed should have, identified and charted

3    these specific products in its original December 2019 infringement contentions served while the case

4    was in Texas and certainly by the February 2021 infringement contentions served in this Court, but it

5    did not.  This Court has held that parties have not acted diligently where the "new" information had

6    long been available to the party seeking leave to amend.  *See, e.g.*, *CyWee Grp. Ltd. v. Apple Inc.*,

7    2016 WL 7230865, at *2 (N.D. Cal. Dec. 14, 2016); *Collaborative Agreements, LLC v. Adobe Sys.,*

8    *Inc.*, 2016 WL 1461487, at *4 (N.D. Cal. Apr. 14, 2016) (finding that the party requesting leave to

9    amend "has entirely failed to show diligence because it had all the information at its disposal at the

10   outset of this litigation but failed to include the information in its infringement contentions").

11   SynKloud had this information at its disposal at the beginning of this case and failed to include it in

12   its first three attempts at infringement contentions.  This shows a clear lack of diligence.

13            SynKloud was required to conduct a reasonable investigation into Adobe's products before

14   ever filing suit in 2019.  "[A]ll courts agree that the degree of specificity under Local Rule 3–1 must

15   be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a

16   'reasonable chance of proving infringement.'"  *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.

17   Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Engineering, Inc. v. Robotic Vision Sys., Inc.*,

18   208 F.3d 981, 986 (Fed. Cir. 2000) (applying Ninth Circuit law)).  Rule 11 also requires a party to

19   make a reasonable inquiry into the applicable facts and law *before* filing suit; not after fishing for

20   evidence through discovery.  *Id.*  But SynKloud apparently waited until now to take screenshots

21   from a generic Adobe user account of products it could have and should have investigated before

22   filing suit.  *See, e.g.*, Dkt. 103-3, Ex. 22 at 1-7; Dkt. 103-3, Ex. 10 at 30-31, 33-34, 51, 73, 74, 80-86,

23   96-99, 152-161, 163, 166-171.  A "reasonable inquiry" certainly would have included downloading

24   and testing Adobe's products from a user's perspective.  SynKloud was required to examine, test,

25   disassemble, or reverse engineer Adobe's products.  *See* Dkt. 78 at 1 ("If the accused product can be

26   purchased on the market and reverse engineered, the patent owner must do that before suing.").

27   SynKloud now seeks to incorporate generic-user information that was available throughout the entire

28   duration of the case.  It also adds citations to Adobe's website that have been freely available to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND
Case No. 3:20-CV-07790-WHA

8

1    SynKloud all along.  Mar Decl. ¶13.  There is no excuse for such a lack of diligence.

2            SynKloud cannot blame Adobe or any lack of discovery for this glaring lack of diligence.

3    Indeed, discovery is not needed to provide rule-compliant infringement contentions.  *See* Dkt. 101

4    ("Patent Local Rule 3-1 requires a patent owner to come to this district with a mature case prepared

5    and to disclose it by its infringement contentions within fourteen days of the initial case

6    management conference.  No discovery required.").  SynKloud's proposed amendments, which are

7    based on either discovery produced nine months ago in July, or on publicly available information

8    available before it even sued Adobe in 2019, are not a result of diligence.

9                    **2.     SynKloud's amendments to its charts add screenshots of using the**
                            **application that it should have done before filing suit and citations to**
10                           **documents Adobe produced over nine months ago.**

11          SynKloud's amended claim charts include new screenshots of someone using certain

12   applications and citations to Adobe technical documents.  *See, e.g.*, Dkt. 103-3, Ex. 10 at 8, 25, 60-

13   61, 178.  Regarding the new screenshots, as discussed above, SynKloud could and should have

14   used those products before filing suit over one-and-a-half years ago and included those screenshots

15   in its original set of contentions.  But it did not.  While the case was in Texas, Adobe produced

16   nearly 30,000 technical documents between May and July of 2020.  SynKloud's amended claim

17   charts contain new citations to technical documents produced in Texas in May and June of last

18   year.  Mar Decl. ¶ 12.  SynKloud should have included those citations in its February 18, 2021

19   contentions but failed to do so.  Having technical documents for nine or more months prior to

20   amending contentions to cite to those documents shows a lack of diligence.  *See Finjan, Inc. v.*

21   *SonicWall, Inc.*, 2020 WL 1139641, at \*4 (N.D. Cal. Mar. 9, 2020) (holding an eight-month delay

22   between discovery of evidence and filing a motion for leave to amend infringement contentions to

23   include that evidence showed a lack of diligence).

24                   **3.     SynKloud cannot use more recently produced source code to justify**
                            **amendments attempting to address the numerous deficiencies in its**
25                           **contentions.**

26          SynKloud's proposed amended contentions do not explain how the newly added source

27   code citations relate to *any* claim limitation or substantive infringement theory.  As noted above,

28   SynKloud claims it has been diligent specifically in seeking discovery in the form of source code.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND            9
Case No. 3:20-CV-07790-WHA

1   *See* Dkt. 103 at 4.[5]   But this Court has held that when the movant does not show how newly

2   discovered source code is tied to proposed amendments, the code does not establish diligence

3   providing good cause to amend infringement contentions.  *Finjan*, 2020 WL 1139641 at *4 (citing

4   *Synopsys, Inc. v. ATopTech, Inc.*, 2016 WL 4945489, at *3 (N.D. Cal. Sept. 16, 2016)).  In *Finjan*,

5   the plaintiff sought to amend infringement contentions arguing that it only "recently" received

6   technical documents and source code belatedly provided by the defendant.  *Id*.  The Court focused

7   on the fact that the plaintiff did not tie any of recently discovered source code to any of the

8   plaintiff's specific amended contentions and instead based its amendments on information

9   discovered eight months earlier.  *Id*.  The Court was not persuaded by plaintiff's arguments that the

10  defendant's delay regarding technical and source code discovery was responsible in any way for the

11  improper additions referencing old discovery and held that plaintiff did not demonstrate diligence in

12  seeking leave to amend the contentions.  *Id*.  Because the plaintiff did not establish diligence, the

13  Court denied its motion to amend without reaching the question of prejudice to the defendant.  *Id*.

14  (citing *O2 Micro*, 467 F.3d at 1368; *Synopsys*, 2016 WL 4945489, at *5).  SynKloud has similarly

15  based its diligence argument on source code but does not explain how its discovery of that code ties

16  to its proposed amendments, which was a "critical" factor in the *Finjan* court's decision.  *Id*.

17        SynKloud's proposed amended contentions include a substantial number of file and line

18  number citations to source code, but the source code citations are not accompanied by any text

19  describing how it is supposed to meet any claim limitations.[6]  For example, SynKloud's proposed

20  new claim chart identified by the contentions as Exhibit 10 includes 76 additional pages of source

21  code citations but nothing to indicate what SynKloud claims the code does or how it might relate to

22  the various claim limitations.  *See, e.g.*, Dkt. 103-3, Ex. 10 at 12, 51, 62.[7]

23        Moreover, these long insertions of source code citations are especially uninformative

24

25  [5]   The asserted claims in this case recite a "server" and Adobe produced its server-side code on
         March 19, 2021.  SynKloud chose to delay its review until April 12.
26  [6]   *See, e.g.*, Dkt. 103-3, Ex. 10 at 12-25, 51-56, 62-72, 99-111, 127-136, 172-177, 181-189, 189-
         190, 191-201, 201-204.
27  [7]   SynKloud only added file and line number citations to source code, not excerpts, so Adobe and
28       the Court are left to guess how 76 pages of source code citations are alleged to satisfy any given
         limitation.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                    10
Case No. 3:20-CV-07790-WHA

1   because SynKloud pasted the ***same citations*** throughout the charts under claims with completely

2   different limitations.  For example, claim 1 of the '690 Patent is charted in Exhibit 10.  Dkt. 103-3,

3   Ex. 10.  The claim recites, "[a] server providing storage space to wireless device, the server

4   comprising: at least one storage device, and a storage medium comprising program code that, when

5   executed by the server, causes the server to."  *Id*. at 3-4.  Claim 1 also recites: "establish a link for

6   the wireless device access to the folder structure in the storage space."  *Id*. at 56 (Claim 1B).

7   Despite the drastic difference in what these two claim limitations recite, SynKloud pasted the exact

8   same source code citations for both.[8]  And this is just one example—SynKloud did the same thing

9   over and over in its proposed new charts.

10          Thus, SynKloud's heavy reliance on Adobe's source code production to show diligence is

11   meritless and should be disregarded for purposes of its motion.

## V.   <u>GRANTING LEAVE TO AMEND WOULD PREJUDICE ADOBE.</u>

### A.   <u>Leave to Amend Would Be Unduly Prejudicial Particularly in Light of the Upcoming Patent Showdown</u>

15          SynKloud's glaring failure to act diligently is sufficient alone to deny its motion.  *See, e.g.*,

16   *Karl Storz Endoscopy-Am.*, 2011 WL 5574807, at *1.  In addition, allowing SynKloud leave to

17   amend its contentions would prejudice Adobe, further confirming that its motion should be denied.

18   Given the impending Patent Showdown, permitting amendment would severely prejudice Adobe

19   by forcing Adobe to develop its defenses for over 50 products responding to SynKloud's latest

20   infringement theories in the few weeks prior to the filing of the Patent Showdown motions in May.

21          SynKloud has asserted since September 2019 that Adobe's products infringe five patents.[9]

22   SynKloud first served Adobe with infringement contentions on December 20, 2019.  Since the

23   November 4, 2020 Order transferring the case to this Court (Dkt. 64), SynKloud was on notice that

24   its infringement contentions and theories needed to comply with the rules of this Court.  Adobe has

25   communicated with SynKloud regarding its deficient contentions on numerous occasions,

---

8   Dkt. 103-3 at Ex. 10 at pp. 12-25, 62-72.

9   SynKloud previously asserted a sixth patent but dropped that patent in accordance with the Court's Patent Showdown procedure.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                11
Case No. 3:20-CV-07790-WHA

including: (1) a January 26, 2021 letter to SynKloud regarding deficiencies in its preliminary contentions served in the Western District of Texas; (2) a March 16, 2021 letter regarding deficiencies in SynKloud's February 2021 contentions; (3) a March 23, 2021 meet-and-confer call regarding the issues raised previously; and (4) a March 26, 2021 letter brief to this Court.  Adobe also noted that the inadequacy of SynKloud's infringement contentions would be an issue in its Jan. 28, 2021 Joint Case Management Statement to this Court.  Dkt 76 at 5:26-6:3.

Despite being on notice, SynKloud has not acknowledged or attempted to address any of the defects identified by Adobe before now.  And the proposed amended contentions are still rife with the same deficiencies.  Among other things, Adobe asked for specificity in the "Accused Instrumentalities" term from SynKloud (Dkt. 96-3).  Now, instead of making this term more specific with regard to which products within Adobe's suites of products are accused, SynKloud appears to have simply elected to list *all* of the applications and services provided by Adobe without providing the requisite claim charts for each accused product.  *See generally* Dkt. 103. SynKloud's proposed amended contentions add the following client-side applications to the case: Creative Cloud, Acrobat DC, Bridge, XD, Premiere Rush, Fresco, Aero, Photoshop, Illustrator, Photoshop Camera, Photoshop Express, Lightroom, Illustrator Draw, Capture, Spark Post, Spark Video, Spark Page, Behance, Acrobat Reader, Scan, Fill & Sign, Photoshop Sketch, Photoshop Fix, Photoshop Mix, Comp, Adobe Fonts, Adobe Stock, Acrobat, Portfolio, Spark, Adobe Color, Adobe Live, Lightroom Web, Mixamo, Substance Source, Acrobat, Acrobat DC, Acrobat Reader, Adobe Sign, Fill & Sign and Scan.  In addition, SynKloud accuses Lightroom Desktop, Mobile, and Web operating in conjunction with Lightroom Cloud, and Lightroom Mobile, Web, Classic, and Desktop applications operating in conjunction with Creative Cloud Service.  *See* Dkt. 103-3, Ex. 1 at 2-3.

Because the Patent Showdown is quickly approaching, depositions are taking place currently based on what SynKloud's February 18, 2021 Infringement Contentions purport to accuse of infringement.  Mar Decl. ¶ 16.  The hearing on the present motion will not take place until May 6, after the depositions have been taken and just one week prior to filing motions for summary judgment.  With such a short amount of time left, expanding the case to include 50 products, and multiple versions of each product, all with inadequate claim charts—or no claim charts at all—

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                    12
Case No. 3:20-CV-07790-WHA

1    would be highly prejudicial to Adobe.  *See Richtek Tech. Corp. v. uPi Semiconductor Corp.*, 2016

2    WL 1718135, at *3 (N.D. Cal. Apr. 29, 2016) (denying plaintiff leave to include new products

3    because "it is time for the case to narrow, not expand" with eight months until trial); *CyWee Group*

4    *Ltd. v. Apple Inc.*, 2016 WL 7230865, at *3 (N.D. Cal. Dec. 14, 2016) (prejudice to amend eight

5    months before trial); *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, 2014 WL 186405, at *2–3

6    (N.D. Cal. Jan. 16, 2014) (finding it unduly prejudicial to add a new product four months before

7    trial).  As adding products eight months before trial is prejudicial, amending to add a large number

8    of products mere weeks before the Patent Showdown, especially when those products have not

9    been charted, is likewise unduly prejudicial.

10            **B.**      **SynKloud's Proposed Amended Contentions Are Insufficient and Thus Futile**

11            SynKloud's proposed amended contentions still fail to disclose its infringement theories for

12   the additional Accused Instrumentalities on a limitation-by-limitation basis, as required by Patent

13   Local Rule 3-1(c).  SynKloud simply inserted a list of Adobe products into the disclosures and

14   produced separate charts for only nine of those products.  The charts, however, do not match each

15   limitation to each accused product. Mar Dec. ¶ 14.  For example, the claim charts do not provide any

16   analysis of how products such as "Mixamo" (which does not even appear to be part of the Creative

17   Cloud, Document Cloud, or Lightroom Cloud suites SynKloud previously identified, and which is

18   now identified as an accused product) meet each claim limitation of each patent. Dkt. 103-3, Exs. 2-

19   22.  Again, SynKloud uses different products to meet different claim limitations in its charts and does

20   not mention many of the products at all, which is impermissible under this Court's rules.  *See Uniloc*

21   *2017 LLC v. Apple, Inc.*, 2019 WL 8810168, at *5 (N.D. Cal. Dec. 16, 2019) ("Under [Patent Local

22   Rule 3-1(c)], the accusing party 'must compare an accused product to its patents on a claim by claim,

23   element by element basis for at least one of each of defendant's products.'").  For infringement

24   contentions to satisfy the Patent Local Rules, SynKloud would have had to compare each accused

25   product to each patent on a claim by claim, element by element basis.  It did not.

26            **1.**      **SynKloud's claim charts still fail to provide the required mapping to
                         explain how claim limitations are met.**

27

28            "[P]laintiff bears the burden of providing infringement contentions that specify the location

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND                    13
Case No. 3:20-CV-07790-WHA

1  of every claim element within [all of] the accused products."  *Bender v. Maxim Integrated Prod.,*

2  *Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010).  SynKloud's infringement contentions

3  cannot "simply parrot[] the claim language for each element and include[] unidentified images

4  without any explanation of their meaning."  *N. Star Innovations Inc. v. Kingston Tech. Co.*, 2018

5  WL 3155258, at * 2 (C.D. Cal. May 7, 2018).  For example, SynKloud has not provided the

6  requisite mapping and explanation for claim 10 of the '690 patent (which will be at issue in the

7  Patent Showdown).  In the amended charts, the only change for Claims 10A, 10B and 10C are the

8  additions of source code citations without any explanation how it relates to those limitations.  Dkt.

9  103-3, Ex. 10 at 189-204.  As discussed above, the source code citations are not accompanied by

10  any substantive text tying the code to any theory of infringement.

### 2.      SynKloud still fails to provide infringement contentions for indirect infringement.

13      The Patent Local Rules require a party asserting indirect infringement to provide "an

14  identification of any direct infringement and a description of the acts of the alleged indirect

15  infringer that contribute to or are inducing that direct infringement" for each claim which is alleged

16  to have been directly infringed.  Patent L.R. 3-1(d).  SynKloud's proposed amended contentions

17  cite to over 500 pages it produced with its infringement contentions without identifying which

18  materials from this set allegedly led to what allegedly infringing behavior.  Dkt. 103-3, Ex. 1 at 4-5.

19  While SynKloud now identifies Adobe customers as those who directly infringe, it still simply

20  recites the legal elements of a claim for indirect infringement (*id*. at 5), which is insufficient under

21  Rule 3-1(d).  *See Blue Spike, LLC v. Adobe Sys., Inc.*, 2015 WL 335842, at *7 (N.D. Cal. Jan. 26,

22  2015) (A "general assertion of the elements of indirect infringement is plainly insufficient.").

23  While SynKloud's contentions reference "users," other elements of indirect infringement are not

24  mentioned at all in the claim charts, and there is no mapping specifically pertaining to those

25  allegations.

### 3.      SynKloud still fails to provide infringement contentions for the Doctrine of Equivalents.

28      While SynKloud's cover pleading suggests that it intends to assert the doctrine of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND        14
Case No. 3:20-CV-07790-WHA

1   equivalents, its amended claim charts still fail to present any theory under this doctrine.  This is

2   insufficient under the Patent Local Rules, which require a party claiming patent infringement to

3   state, for each element of each asserted claim, whether it is claimed to be literally present or present

4   under the doctrine of equivalents in the accused instrumentality.  Patent L.R. 3-1(e).

5   **VI.     CONCLUSION**

6           SynKloud has not met its burden of crystallizing its theory of the case in any of its

7   contentions.  The only additions that are supported by a claimed diligence argument involve source

8   code.  But these additions of source code citations throughout the charts provide no explanation for

9   how the additional products infringe the asserted claims, how they are represented by the products

10  charted, or even how the cited source code citations are supposed to show anything in particular

11  regarding alleged infringement.  SynKloud has not been diligent, and its proposed amended

12  contentions would severely prejudice Abode and are futile in any event.  Thus, Adobe respectfully

13  requests that the Court deny SynKloud's motion for leave to amend its infringement contentions.

14  Dated:  April 26, 2021                FARELLA BRAUN + MARTEL LLP

15

16                                      By:      /s/ *Eugene Y. Mar*
                                               Eugene Y. Mar
17

18                                      Eugene Y. Mar (State Bar No. 227071)
                                        Winston Liaw (State Bar No. 273899)
19                                      Sushila Chanana (State Bar No. 254100)
                                        Elizabeth M. Toledo (State Bar No. 312652)
20                                      Ashleigh Nickerson (State Bar No. 331056)

21                                      Farella Braun + Martel LLP
                                        235 Montgomery Street, 17th Floor
22                                      San Francisco, California 94104
                                        Telephone: (415) 954-4400
23                                      Facsimile: (415) 954-4480
                                        *emar@fbm.com*
24                                      *wliaw@fbm.com*
                                        *schanana@fbm.com*
25                                      *ltoledo@fbm.com*
                                        *anickerson@fbm.com*
26

27                                      *Attorneys for Defendant ADOBE INC.*

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

OPPOSITION TO MOTION TO AMEND          15
Case No. 3:20-CV-07790-WHA