Deepali A. Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone: (650) 254-9805

Timothy Devlin (*pro hac vice*)
Email: tdevlin@devlinlawfirm.com
Peter Mazur (*pro hac vice*)
Email: pmazur@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

*Attorneys for Plaintiff*
*SynKloud Technologies, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, | Case No. 3:20-cv-7760-WHA |
| Plaintiff, | |
| vs. | **PLAINTIFF SYNKLOUD'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| ADOBE, INC., | |
| Defendant. | The Hon. William H. Alsup |
| | Trial Date: June 6, 2022 |
| | Hearing: June 24, 2021 |
| | Time: 8:00 A.M. |
| | Courtroom: Video Conferencing |

## NOTICE OF MOTION AND MOTION

TO DEFENDANT ADOBE, INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on June 24, 2021, or as soon thereafter as the matter may be heard, before Judge William H. Alsup by Video Conferencing or Courtroom of the United States District Court, Northern District of California, located on the the 17th Floor in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  Plaintiff SynKloud Technologies, LLC ("SynKloud") will move the Court for an order entering summary judgment against Defendant Adobe, Inc. ("Adobe") pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's February 4, 2021 Order (ECF No. 79).[1]

## STATEMENT OF RELIEF SOUGHT

As set forth in greater detail in the attached Memorandum of Points and Authorities, Plaintiff brings this motion (the "Motion") because there is no genuine issue as to any material fact with respect to Plaintiff's claim that Adobe has infringed U.S. Patent No. 8,868,690 (the "'690 patent") claim 9 and, therefore, Plaintiff is entitled to summary judgment with respect to that claim.

Specifically: It is undisputed that ██████████████████████████████████ ██████, operate servers that provide services to perform out of band or three way download, *i.e.*, direct download to cloud storage from a remote content server triggered by an end-user's action using a wireless device and Adobe servers are configured using an Admin Console to facilitate partition of storage on the server and allocate cloud storage for the end-user.

Adobe's interrogatory response makes blanket assertions that certain claim limitations of the '690 Patent are not met without providing any factual bases for such assertions.  Adobe has also asserted that Adobe does not operate any servers itself and uses vendor Amazon's AWS or Microsoft's Azure servers. Such a flawed interpretation runs contrary to black letter patent law.  The Court should reject Adobe's arguments and declare that Adobe infringes claim 9 of the '690 Patent for the reasons set forth in this Motion.

---

[1] While Plaintiff brings this motion at this time pursuant to the Court's Patent Showdown Order (ECF 79), Plaintiff's has been severely encumbered by Adobe's deficient technical document production and interrogatory responses.  The Court has not ruled on Plaintiff's discovery letter (ECF 100).

Plaintiff bases its Motion on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Zaydoon (Jay) Jawadi, Robert Colao and all exhibits thereto, all pleadings and papers on file in this action, and such evidence and argument as counsel may present to the Court at the hearing on this Motion.

Respectfully submitted,

DATED:  May 13, 2021

/s/ *Deepali A. Brahmbhatt*
Deepali A. Brahmbhatt
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
(650) 254-9805
dbrahmbhatt@devlinlawfirm.com

Timothy Devlin (*pro hac vice*)
Peter Mazur (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Email: tdevlin@devlinlawfirm.com
Email: pmazur@devlinlawfirm.com

*Attorneys for Plaintiff*
*SynKloud Technologies, LLC*

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

# TABLE OF CONTENTS

I.      ISSUE TO BE DECIDED ...................................................................................................1

II.     INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

III.    STATEMENT OF FACTS ...................................................................................................1

    A.  Plaintiff SynKloud's Technology .............................................................................1

    B.  U.S. Patent No. 8,868,690 (the '690 Patent) ...........................................................2

    C.  Adobe's Creative Cloud Storage Service .................................................................5

        1.  Adobe Has Admitted That Creative Cloud Is a Server Storage Service...................5

        2.  Adobe Has Also Admitted ██████████████████████ ........................6

        3.  Adobe Has Admitted That Creative Cloud Accesses Wireless Devices ..................6

    D.  Adobe Has Continued to Infringe After Receiving Notice of the '690 Patent.....................6

    E.  Adobe Has Not Provided a Factual Basis for Noninfringement............................................7

██ ████████████████████████ .......................................................................7

IV.     NOTHING IN THE CLAIMS REQUIRES CONSTRUCTION...........................................7

        1.  "a server" – Adobe's construction requires "one server" ...........................................7

        2.  "wireless device" – Adobe construction requires "cell phone, personal assistant device (PDA) or similar devices not including a laptop, desktop, or server computer".................................................................................................................8

        3.  "allocate . . . a storage space of a predefined capacity" – Adobe's construction requires "allocate, not simply reserve, a defined maximum amount of storage space" ....................................................................................................................8

        4.  "partition the at least one storage device" – Adobe's construction requires "divide the storage device into separate spaces of predefined capacity" ..............................9

        5.  "storing . . . or retrieving"  - Adobe's construction requires "the server must be capable of storing data sent from the wireless device and allowing the wireless device to retrieve data from the server".................................................................9

        6.  "service provider" – Adobe's construction requires "provider of the remote storage service" .....................................................................................................................9

V.      LEGAL STANDARD...........................................................................................................10

VI.     ADOBE'S INFRINGEMENT OF CLAIM 9 .......................................................................10

    A.  [Claim 1 – Preamble] The Preamble of Claim 1 Is Not Limiting, Yet the Preamble Is Met Regardless..............................................................................................................10

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

1. The Preamble of Claim 1 Is Not Limiting ............................................................... 11

2. Adobe's Creative Cloud Service Meets All Elements In the Preamble.................. 11

3. Adobe's Noninfringement Position Is Conclusory ................................................ 13

B. [Claim 1A] The Creative Cloud Service Includes the "Allocate" Claim Limitation .......... 13

1. The Creative Cloud Service Allocates Storage Space of a Predefined Capacity .... 13

2. The Creative Cloud Service Creates Folder Structure ........................................... 15

3. The Allocated Storage Space for the Creative Cloud Service is Remote ............... 15

C. [Claim 1B] The Creative Cloud Service Establishes a Link For the Wireless Device......... 15

D. [Claim 1C] The Creative Cloud Service Meets the Direct Download to Remote Storage Space ......................................................................................................................... 16

1. The Creative Cloud Service Allows for Storing or Retrieving ............................... 16

2. The Creative Cloud Service Stores or Retrieves Content/File In Data Objects .... 18

E. [Claim 7] The Creative Cloud Service Includes a Wireless Link ....................................... 19

F. [Claim 9] The Creative Cloud Service Includes a Console to Partition Storage Space ....... 19

1. The Creative Cloud Service Provides an Admin Console ...................................... 19

2. The Creative Cloud Service Admin Console Facilitates Partiton of One Storage Device to Allocate Storage Space for a Wireless Device ........................................ 21

G. Adobe's Noninfringement Position Is Conclusory ............................................................ 23

VII. CONCLUSION .................................................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*,
  299 F.3d 1336 (Fed. Cir. 2002)...............................................................................11

*Athletic Alternatives v. Prince Mfg.*,
  73 F.3d 1573 (Fed. Cir. 1996)................................................................................10

*Bai v. L & L Wings*,
  160 F.3d 1350 (Fed. Cir. 1998)..............................................................................10

*Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002) ...........................................11

*Dow Chem. Co. v. Sumitomo Chem. Co.*,
  257 F.3d 1364 (Fed. Cir. 2001)..............................................................................10

*Free Motion Fitness, Inc. v. Cybex Int'l, Inc.*,
  423 F.3d 1343 (Fed. Cir. 2005).................................................................................8

*KCJ Corp. v. Kinetic Concepts, Inc.*,
  223 F.3d 1351 (Fed. Cir. 2000).................................................................................7

*Linear Tech. Corp. v ITC*,
  566 F.3d 1049 (Fed. Cir. 2009).................................................................................8

*Strattec Sec. Corp. v. Gen. Auto. Specialty Co.*,
  126 F.3d 1411 (Fed. Cir. 1997)..............................................................................10

**RULES**

Fed. R. Civ. P. 56..............................................................................................10

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   ISSUE TO BE DECIDED

Whether, based on the undisputed operation of Adobe's cloud storage services, Adobe infringes dependent claim 9 of the '690 patent, when Adobe's non-infringement arguments are blanket assertions without factual or legal support and Adobe's use of Amazon AWS or Microsoft Azure servers does not change the fact that servers for Adobe services are in Adobe's custody and control.

## II.   INTRODUCTION AND SUMMARY OF ARGUMENT

Adobe's Creative Cloud Service is one of the four cloud services accused in this action.  Given the briefing and exhibits page limit (ECF 79), Plaintiff is moving for summary judgment on only one of the accused products, *i.e.,* Creative Cloud.  While it is not perceived as a traditional storage company, Adobe provides cloud storage services in combination with licenses to its applications.  Black letter law for patent infringement is clear in these situations.  Adobe's infringing service sold in combination with additional non-relevant add-on applications, still infringes.  Each and every license purchase of any of its client applications comes with add-on remote cloud storage.  Adobe Servers for Creative Cloud allow access to this remote cloud storage through a three way synchronous communication between remote content and the client's local wireless device.  Such access is seamless, not cumbersome and uses less steps in storing content on the remote cloud storage.  From a client's perspective, the client's use is not limited to storage on the local wireless device and there are efficiencies in the amount of time required to perform these operations for remote cloud storage.

## III.   STATEMENT OF FACTS

### A.   Plaintiff SynKloud's Technology

SynKloud is an intellectual property licensing company focused on cloud computing technology.  SynKloud's business model helps struggling startups and small businesses monetize their patent portfolios.  SynKloud acquired the '690 patent from STT WebOS, Inc. in December of 2018.  Mr. Ted Tsao, the inventor, is the founder of STT WebOS, Inc. and has several patents in the field of cloud computing

including video on-demand and web management.  The '690 patent and the asserted patents are from the same patent family, claiming priority to a utility application filed in 2003.[2]  The '690 patent issued on October 21, 2014.  The Claim 9 of the '690 patent selected for the patent showdown is a server claim that allows an IT or business person to allocate remote cloud storage through an admin console.

**B.      U.S. Patent No. 8,868,690 (the '690 Patent)**

The '690 patent solves the problem of limited storage capacity found on wireless devices.  (*See* Ex. 2[3], '690 patent at Abstract.)  Even today, there is limited storage capacity on wireless devices, and as a consequence seamless and integrated cloud storage remains very much in demand.



Independent claim 1 of the '690 patent recites a server that allows a wireless device (a laptop, smartphone, etc.) to download web content from a remote content server directly into the server's cloud storage and subsequently access that content seamlessly through the wireless device.  Claim 7, which depends from claim 1, recites a wireless link between the server and the wireless client device.  Further, claim 9, which depends from claim 7 and thus indirectly from claim 1, specifically recites facilitating an

---

[2] Plaintiff reserves discussion of any early invention date of the '690 patent invention, including for response to any invalidity or other defense raised by Adobe.
[3] All Exhibits cited herein refer to Exhibits to the co-filed Declaration of Zaydoon (Jay) Jawadi.
[4] Unless otherwise indicated, emphasis in this Brief has been added.

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

admin console for an administrator to partition storage on the cloud storage server that is allocated for use by the wireless device. Fig. 3 from the '690 patent illustrates these components and their relationships:



Fig. 3

 A user using a wireless device can browse content on the internet through **path (a)**, and the server has a link associated with the wireless device as **path (b)**. When a user at wireless device 1 is browsing content in a public gallery or library, at a remote web server through ISP/ASP, the user can download a file from the remote web server directly into the **storage space 4G p(n) 10** (*i.e.*, cloud storage space on cloud storage server 3 associated with user account). This is achieved seamlessly as an integrated step, without user having to first manually download a file on to his or her local wireless device and then upload it again to cloud storage space. Instead, the transfer occurs directly from remote web server to the cloud storage server. The user can then access the saved file on the cloud storage space through the path (b) link

on his wireless device.  Claim 9 recites console software that facilitates the storage organization on the cloud storage server as shown in the portion of Fig. 3 annotated below.



The console software facilitates partitioning storage space on the server 3 to allocate that storage space for use by the user on the wireless device 1.  For example, each 4G storage space p1, p2, p3,…p(n) can be allocated to different users with wireless devices 1.

The language of claim 9 and the claims from which it depends are collected in the Table below:

| No. | US Patent No. 8,868,690 Claim Language |
|-----|----------------------------------------|
| 1 | A server providing storage space to wireless device, the server comprising: <br> at least one storage device, and <br> a storage medium comprising program code that, when executed by the server, causes the server to: |
| 1A | allocate, via the at least one storage device, a storage space of a predefined capacity to a wireless device, create a folder structure residing in the storage space, wherein the storage space being remotely located with respect to the wireless device; |
| 1B | establish a link for the wireless device access to the folder structure in the storage space; and |
| 1C | couple with the wireless device for allowing a user thereof access to the folder structure in the storage space for storing a data object therein or retrieving a data object therefrom, the |

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

| | storing of a data object including to download a file from a remote web server directly into the storage space. |
|---|---|
| 7 | The server as recited in claim 1, wherein the link is wireless. |
| 9 | The server as recited in claim 7, further comprising: facilitating a console for an administrator of a service provider to partition the at least one storage device for allocating the storage space to the wireless device. |

### C.      Adobe's Creative Cloud Storage Service

Adobe's Creative Cloud Service has been operational since 2011.  Creative Cloud provides cloud storage with licenses to client applications and different product packages.

### 1.      Adobe Has Admitted That Creative Cloud Is a Server Storage Service

Adobe's Creative Cloud Storage Service includes a server. ▮▮▮▮▮▮▮▮▮▮



Adobe uses Shared Cloud for Document Cloud services as well.  (*Id.* at ¶ 13.)  Adobe has custody and control of Adobe services (application software) provided on vendor servers at AWS and Azure for cloud storage.  Adobe's operational responsibilities disclosed publicly on its own website state the following:

> AWS operates, manages, and controls the components from the hypervisor virtualization layer down to the physical security of the facilities in which Adobe Document Cloud services operate. ***In turn, Adobe assumes responsibility and management of the guest operating system (including updates and security patches) and application software***, as well as the configuration of the AWSprovided security group firewall.

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

(Jawadi Decl. ¶ 55, SYNKLOUD-TXWD527003007;
https://www.adobe.com/content/dam/cc/en/security/pdfs/acrobat-dc-security-overview-ue.pdf at 5.)

**2.     Adobe Has Also Admitted** ████████████████████

**3.     Adobe Has Admitted That Creative Cloud Accesses Wireless Devices**

Adobe provides a collection of desktop and mobile apps based in a cloud that operate with Creative Cloud storage services.  Adobe has stated, "User are able to ***access these accused services*** through a computer, laptop, or ***mobile device*** through ***a web interface or an Adobe app***."  (ECF 76 at 2, Adobe's CMC Statement.)

**D.     Adobe Has Continued to Infringe After Receiving Notice of the '690 Patent**

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

1    Adobe has had notice of the '690 patent since at least April 12, 2019. (Declaration of Robert

2  Colao, President at Plaintiff SynKloud, "Colao Decl."at ¶ 3, ECF 1-1.) Even after learning of the '690

3  patent and responding in this litigation, Adobe has continued to offer its infringing Creative Cloud

4  services.

5    **E.    Adobe Has Not Provided a Factual Basis for Noninfringement**

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ██  ████████████████████████████

9  ████████████████████████████████████████████████████████

10

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ██████████████████████████████

17

18 **IV.    NOTHING IN THE CLAIMS REQUIRES CONSTRUCTION**

19    Adobe's PLR 4-2 disclosures suggest that Adobe applies narrow constructions that are inconsistent

20  with the plain and ordinary meaning of the claim language. Plaintiff briefly addresses claim construction.

21    **1.    "a server" – Adobe's construction requires "one server"**

22    Adobe suggests that "a server" is limited to a single server. This is inconsistent with the

23  specification. (*See, e.g.,* '690 patent at Figs. 2-3 disclosing plurality aspects of the storage system, server

24  or storage server.) The Federal Circuit has repeatedly emphasized, however, that "a" means "one or

25  more." *See, e.g., KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000) ("This court

26  has repeatedly emphasized that an indefinite article 'a' or 'an' in patent parlance carries the meaning of

27  "one or more" in open-ended claims containing the transitional phrase 'comprising.' Unless the claim is

28

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**
████████████████████████████████

specific as to the number of elements, the article 'a' receives a singular interpretation only in rare circumstances when the patentee evinces a clear intent to so limit the article.  Under this conventional rule, the claim limitation 'a,' without more, requires at least one.").  *See also Free Motion Fitness, Inc. v. Cybex Int'l, Inc.*, 423 F.3d 1343, 1350 (Fed. Cir. 2005) ("'[A]' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'").  Furthermore, "[t]his convention is overcome only when 'the claim is specific as to the number of elements' or 'when the patentee evinces a clear intent to . . . limit the article.'"  *Id.* at 1350.  Here, nothing in the '690 patent that shows an intent, let alone a clear intent, by the patentee to limit "a server" to only a single server.  (Jawadi Decl. at IV(B)(1).).

> ### 2.      "wireless device" – Adobe construction requires "cell phone, personal assistant device (PDA) or similar devices not including a laptop, desktop, or server computer"

Adobe attempts to limit the definition of "wireless device" to a cellphone or PDA.  This argument lacks merit  (*See, e.g.,* the '780 and the '686 patents (related to the '690 patent) elaborate that a "Storage system always is a critical part of a computing system ***regardless [if] the computing system is a server, laptop, or desktop computer,*** or a wireless device as cellphone or personal data assistant device ("PDA")." ('780 and '686 Asserted Patents at 1:29-32.).)  Adobe's construction is ambiguous as to whether a smartphone or a laptop is included as a wireless device.  The PTAB explicitly rejected this interpretation in proceedings regarding a related patent.  (Jawadi Decl. at IV(B)(2), IPR2020-00316, Paper 21 at p. 8 (June 29, 2020).)  There is also no justification for limiting the claim to examples in the specification.  *See Linear Tech. Corp. v ITC*, 566 F.3d 1049, 1058 (Fed. Cir. 2009) ("We have repeatedly held that, even in situations when only one embodiment is disclosed, the claims generally should not be narrowed to cover only the disclosed embodiments or examples in the specification.") (internal citations omitted).

> ### 3.      "allocate . . . a storage space of a predefined capacity" – Adobe's construction requires "allocate, not simply reserve, a defined maximum amount of storage space"

Adobe attempts to require something more for allocation by adding the language "not simply reserve" storage space, but leaves that something more undefined.  Adobe's interpretation would

effectively require millions of terabytes of hardware storage for millions of storage service users to sit idle. Nothing in the intrinsic record supports that interpretation, and a person of ordinary skill in the art would understand it to be a very inefficient way of implementing allocation of storage services (Jawadi Decl. at IV(B)(3)).

### 4.    "partition the at least one storage device" – Adobe's construction requires "divide the storage device into separate spaces of predefined capacity"

Adobe attempts to require dividing the storage space into plurality of storage spaces of predefined capacity.  Adobe's proposal would requrie additional limitations not present in the claim, and there is no support in the intrinsic record for that narrowing limitation.  (Jawadi Decl. at IV(B)(4).)

### 5.    "storing . . . or retrieving"  - Adobe's construction requires "the server must be capable of storing data sent from the wireless device and allowing the wireless device to retrieve data from the server"

Adobe's proposed construction of this phrase adds many more words for otherwise simply understood words "storing or retrieving."  Adobe's proposed construction appears to require storing of data object only from the wireless device, excluding storing from a remote web server.  In contrast, the specification and figures of the '690 patent, as well as claims 1, 7 and 9, confirm that storing, as well as any retrieving that occurs, may occur optionally, after storing content from a remote web server. (Jawadi Decl. at IV(B)(5).)

### 6.    "service provider" – Adobe's construction requires "provider of the remote storage service"

The claim language recites functionality of a "console" for use by a service provider.  (Ex. 2, '690 Patent at claim 9.)  Infringement does not turn on the definition of a service provider.  Adobe's proposed construction would flip the claim language on its head, requiring the service provider to be a provider of a remote storage service rather than an applications/storage service provider such as, for example, Adobe itself or Adobe's teams, business or enterprise customers who provide licenses to applications/storage to its employees.  Nothing in the patent or its intrinsic record limits the definition of "service provider." (Jawadi Decl. at IV(B)(6).)

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.      LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to literally infringe a claim, each of the claim limitations must be found in the accused product; i.e., "the properly construed claim [must] read[ ] on the accused device exactly." *Strattec Sec. Corp. v. Gen. Auto. Specialty Co*., 126 F.3d 1411, 1418 (Fed. Cir. 1997). "[A] determination of infringement . . . is a question of fact." *Dow Chem. Co. v. Sumitomo Chem. Co*., 257 F.3d 1364, 1372 (Fed. Cir. 2001). However, the question of infringement becomes a question of law where the parties do not dispute any relevant facts regarding the structure or operation of the accused device. *Athletic Alternatives v. Prince Mfg*., 73 F.3d 1573, 1578 (Fed. Cir. 1996). "Thus, a literal infringement issue is properly decided upon summary judgment when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Bai v. L & L Wings*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).

## VI.     ADOBE'S INFRINGEMENT OF CLAIM 9

Adobe's Creative Cloud Service infringes claim 9 of the '690 patent. Plaintiff's Expert Jawadi has provided a detailed claim limitation by claim limitation analysis for Adobe's Creative Cloud Service that is summarized below. (Ex. 5.) Expert Jawadi easily qualifies as an expert. (Ex. 1; Jawadi Decl. at III.) His opinions in his declaration are based on Expert Jawadi's thorough review and analysis including, for example, ███████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████ (Jawadi Decl. at IV.) The Jawadi Declaration shows that infringement is met even under Adobe's claim constructions. (*Id*.) Given that claim 9 is a dependent claim that depends on claims 1 and 7, the following infringement analysis begins with claim 1.

### A.      [Claim 1 – Preamble] The Preamble of Claim 1 Is Not Limiting, Yet the Preamble Is Met Regardless

### 1.    The Preamble of Claim 1 Is Not Limiting

"Generally, the preamble does not limit the claims." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1346 (Fed. Cir. 2002). "[A] preamble limits the invention if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002). The preamble of claim 1 of the '690 Patent does not depart from the general rule and is non-limiting.

### 2.    Adobe's Creative Cloud Service Meets All Elements In the Preamble

The preamble requires a server providing storage service with a storage device and executing program code.



---

[5] Adobe refuses to reproduce its documentation with comprehensible and clear text despite several meet and confers and discovery letter brief to this Court. SynKloud is prejudiced by Adobe's discovery deficiencies, especially on its technical document production. (ECF 100.) SynKloud has brought the instant motion at this time as required by the Court's Patent Showdown Scheduling Order. (ECF 79.)

1

2 ████████████████████████████████████████████████████

3 ███████████

4 ████████████████████ ███████████████████████████████████████████

5 ██████████████████████████████████████████████

6 █████████

7 █████████████████████████████████████████████████████

8 ████████████

9 ████████████████████

10 █████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 █████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 █████████████████████████████████████████; *see also* Jawadi Decl. ¶ 62, from

15 https://aws.amazon.com/s3/faqs/ , "Amazon S3 provides a simple web service interface that you can use to

16 store and retrieve any amount of data, at any time, from anywhere. Using this service, you can easily build

17 applications that make use of ***cloud native storage***.")

18           "Introduction

19           This document contains lists of network endpoints for websites and specific services that

20           are ***offered as part of Adobe Creative Cloud***. ***The server and domains listed*** in this
          document must be accessible on ports 80 and 443 for the relevant applications and services

21           to function correctly.

22

23           All Adobe services

24           Allow the following endpoints to enable access to all Adobe services:

25           URL

26           Description"

27 (Jawadi Decl. ¶ 63, https://helpx.adobe.com/enterprise/kb/network-endpoints.html)

28

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

████████████████████████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ███████████████████████████████████████████████

4
███████████████████████████████████████
5
███████████████████████████████████████
6
███████████████████████████████████████
7

8 Here, infringement under Adobe's proposed claim construction of "one server" is met, because, █

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 █████████████████ This applies for all the claim limitations including the term "server."

### 3.      Adobe's Noninfringement Position Is Conclusory

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████

## B.      [Claim 1A] The Creative Cloud Service Includes the "Allocate" Claim Limitation

Creative Cloud Service includes *"allocat[ing]"*, via the at least one storage device, a storage space of a predefined capacity to a wireless device, creat[ing] a folder structure residing in the storage space, wherein the storage space being remotely located with respect to the wireless device."

### 1.      The Creative Cloud Service Allocates Storage Space of a Predefined Capacity

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████

26 ██████████████████████████████████████████

27 ████████████████████████████████████████████████████

28 ██████████████████

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

████████████████████████████████████████████████

Case No. 3:20-cv-7760-WHA

PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT

### 2. The Creative Cloud Service Creates Folder Structure

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████

### 3. The Allocated Storage Space for the Creative Cloud Service is Remote

Creative Cloud Service allocated storage space is "remotely located with respect to the wireless device." (*See* Section VI(A)(2) above.)

This claim limitation is also met under Adobe's proposed construction. ███████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

### C. [Claim 1B] The Creative Cloud Service Establishes a Link For the Wireless Device

Creative Cloud service "establish[es] a link for the wireless device access to the folder structure in the storage space." (*See* Section III(C)(3) on Wireless Device.) ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████

████████████████████████████████████

The wireless device claim term is also met under Adobe's construction.  All smartphones are "cell phones" as well as "personal digital assistants (PDAs)."  Adobe provides mobile applications that operate on smart phones. (*See* Section III(C)(3); Jawadi Decl. ¶ 83.)  This applies to all the claim limitations with the term "wireless device."

**D.     [Claim 1C] The Creative Cloud Service Meets the Direct Download to Remote Storage Space**

Creative Cloud Service "couple[s] with the wireless device for allowing a user thereof access to the folder structure in the storage space for storing a data object therein or retrieving a data object therefrom, the storing of a data object including to download a file from a remote web server directly into the storage space."

Creative Cloud Service "couple[s] with the wireless device for allowing a user thereof access to the folder structure in the storage space."  *See* Section VI(C) above.

**1.     The Creative Cloud Service Allows for Storing or Retrieving**

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

Adobe Stock is a Creative Cloud client application that has public gallery of photos.  A user can save any one of those photos directly to his remote cloud storage library.



(Jawadi Decl. ¶ 72, Screenshot showing photos published in the public gallery "saved to default library - Your Library.")



(Jawadi Decl. ¶ 72, Screenshot excerpt showing photos published in the public gallery "saved to default library -Your Library".)

### 2.  The Creative Cloud Service Stores or Retrieves Content/File In Data Objects

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

████████████████████████████████

This claim limitation is also met under Adobe's proposed claim construction. ████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████

### E.  [Claim 7] The Creative Cloud Service Includes a Wireless Link

As discussed in Section C above, Creative Cloud Service includes a link in claim 1, wherein the link is wireless.  Amazon "AWS Front-End Web & Mobile services" support client applications that establish a wireless link with the Creative Cloud Service.  (Jawadi Decl. ¶ 74, https://aws.amazon.com/products/frontend-web-mobile/.)

### F.  [Claim 9] The Creative Cloud Service Includes a Console to Partition Storage Space

Creative Cloud Service includes "facilitating a console for an administrator of a service provider to partition the at least one storage device for allocating the storage space to the wireless device."

#### 1.  The Creative Cloud Service Provides an Admin Console

Creative Cloud for Teams (business or enterprise version) provides Admin Console for facilitating an administrator of a service provider (business providing IT and software package services to its employees).



(Jawadi Decl. ¶ 75, https://adminconsole.adobe.com/748077E0607BBBE20A495FB9@AdobeOrg/overview.)

Storage overview

The Storage overview page provides complete visibility of quota usage. It provides information on ***the total storage allocated for the organization, the amount of storage consumed, and the available balance***. The page also provides a snapshot of the top consumers of quota, including the quota allocated and the percentage consumed. You can also choose to view the entire list of users along with the storage quota used by each user. The storage consumption graph displays the following information:

Individual user folders: Quota used by all users, irrespective of whether they are active or inactive.

Shared folders: Quota used by shared folders.

Others: Quota used by storage reports and the ZIP folders. When a user is removed from the organization, the user's content is added to a ZIP folder. You can remove a user's ZIP folder when you permanently delete the user from the Inactive Users tab.

(Jawadi Decl. ¶ 76, https://helpx.adobe.com/enterprise/admin-guide.html/enterprise/using/manage-adobe-storage.ug.html.)

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

This limitation is also met under Adobe's proposed claim construction.

### 2. The Creative Cloud Service Admin Console Facilitates Partiton of One Storage Device to Allocate Storage Space for a Wireless Device

Creative Cloud Service Admin Console facilitates allocation of licenses and associated storage for an organization.



(Jawadi Decl. 75,
https://adminconsole.adobe.com/748077E0607BBBE20A495FB9@AdobeOrg/overview.)

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**



PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT

This claim limitation is also met under Adobe's proposed claim construction. ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████

### G. Adobe's Noninfringement Position Is Conclusory

████████████████████████████████████████████

█████████████████████████████████████████████████

████ Adding a factually supported response without notice to Plaintiff in its opposition briefing would be prejudicial.

█████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████ To the extent this Court finds that these are not Adobe Servers, Plaintiff requests leave to supplement this briefing on a theory of agency or contract after Adobe gives full discovery on the agreements between Adobe and its vendors Amazon and Microsoft. To date, Plaintiff has not received this discovery.

## VII. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court grant summary judgment that Adobe infringes claim 9 of the '690 patent.

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

███████████████████████████████████████

1
2                                          Respectfully submitted,

3    DATED:  May 13, 2021                  /s/ *Deepali A. Brahmbhatt*
                                           Deepali A. Brahmbhatt
4                                          DEVLIN LAW FIRM LLC
                                           3120 Scott Blvd. #13,
5                                          Santa Clara, CA 95054
                                           (650) 254-9805
6                                          dbrahmbhatt@devlinlawfirm.com

7
                                           Timothy Devlin (*pro hac vice*)
8                                          Peter Mazur (*pro hac vice*)
                                           DEVLIN LAW FIRM LLC
9                                          1526 Gilpin Avenue
                                           Wilmington, DE 19806
10                                         Telephone: (302) 449-9010
                                           Email: tdevlin@devlinlawfirm.com
11                                         Email: pmazur@devlinlawfirm.com

12
                                           *Attorneys for Plaintiff*
13                                         *SynKloud Technologies, LLC*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**

1

2

### <u>CERTIFICATE OF SERVICE</u>

3

I, Deepali A. Brahmbhatt, certify that pursuant to Local Rule 5-5, counsel of record who have consented to

4

electronic service are being served on May 13, 2021 with copies of the attached document(s) via the

5

Court's CM/ECF system, which will send notification of such filing to counsel of record. Executed on

6

May 13, 2021.

7

8

9

<em>/s/ Deepali A. Brahmbhatt</em>

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLF SYKLOUD'S NOTICE OF MOTION AND MSJ ON INFRINGEMENT**