Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Elizabeth M. Toledo (State Bar No. 312652)
ltoledo@fbm.com
Ashleigh Nickerson (State Bar No. 331056)
anickerson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant ADOBE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ADOBE, INC.,<br><br>    Defendant. | Case No. 3:20-cv-07760 WHA<br><br>**DEFENDANT ADOBE INC.'S OBJECTION TO REPLY EVIDENCE UNDER CIVIL LOCAL RULE 7-3(d)(1)**<br><br>The Hon. William H. Alsup |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

38027\14150835.3

## I.  INTRODUCTION

SynKloud's *reply* brief for the patent showdown (Dkt. 135) attaches eleven exhibits and a forty six-paragraph expert declaration.  Ten of the exhibits and all of the substantive opinions expressed in the expert declaration are apparent attempts to cure failure-of-proof problems in SynKloud's opening brief (Dkt. 115), which failed to set forth any evidence as to how SynKloud contends two claim limitations are satisfied.  *See*, *e.g.*, Dkt. 135-2 at p. 2, line 24 (section titled "Evidence on Claim Elements That Adobe Contends is Missing").  It is black-letter law that SynKloud was required—in its opening brief—to provide evidence as to how each and every claim limitation is met, including the two limitations it failed to address.  *E.g.*, *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1048 (N.D. Cal. 2015) ("[T]he Court generally will not consider new evidence presented for the first time in a reply brief.").  SynKloud should not be permitted to introduce new evidence with its reply brief in an attempt to fill these gaps that it was plainly obligated to address in its opening brief.  These ten exhibits (Exs. 6-15; Dkt. 135-3 through 135-12) and the supplemental expert declaration (Dkt. 135-2) should therefore be stricken.[1]

## II.  ARGUMENT

### A.  Exhibits 6-10, Exhibits 14-15. and Paragraphs 15-30 of the Jawadi Supplemental Declaration Should Be Stricken Because They Are Improper New Evidence Regarding the "to a Wireless Device" Limitation.

The law is clear that SynKloud was required to set forth evidence as to each and every claim limitation in its opening brief.  *E.g.*, *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and every step or element of a claimed method or product."); *Laura B v. United Health Grp. Co.*, No. 16-CV-01639-JSC, 2017 WL 3670782, at *4 (N.D. Cal. Aug. 25, 2017) (declining to consider new evidence on reply and denying summary judgment motion, reasoning that defendant's "attempt to meet its burden in connection with its reply is too little too late"); *see also* Supplemental Order to Order Setting Initial Case Management Conference ¶ 10 ("Opening declarations should set forth all facts on points foreseeably relevant to the relief sought.  Reply papers should not raise new

---

[1] Additionally, Exhibits 10-16 (Dkt. 135-7 through 135-13) should be stricken because they exceed the Court's page limits for briefing on the patent showdown.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

1

38027\14150835.3

1  points that could have been addressed in the opening.").

2  Exhibits 6-10 and 14-15 and paragraphs 15-30 of the Jawadi Supplemental Declaration are
3  directed to an issue that SynKloud was obligated to address in its opening brief—namely, whether
4  Adobe practices the "to a wireless device" limitation.  SynKloud could have submitted these
5  exhibits and opinions with its opening brief in connection with its affirmative infringement case,
6  and it has no excuse for failing to do so.  In particular, the plain language of claim 1 (from which
7  SynKloud's selected claim depends) requires the allocation of storage "to a wireless device," and
8  SynKloud agrees with Adobe that this limitation requires no claim construction.  *See* Dkt. 121 at 7
9  line 18 ("Nothing in the Claims Requires Construction[.]"); Dkt. 129 at 22 lines 3-9 (arguing that
10 the phrase "wireless device" in this claim limitation means "wireless device" and not "user").
11 SynKloud, therefore, knew before Adobe's opposition that it would be required to prove that
12 storage is allocated "to a wireless device."  Because SynKloud failed to submit its evidence
13 regarding this limitation with its opening brief, the evidence should be stricken (or otherwise
14 disregarded) under the established rule that new reply evidence is not permitted where the
15 evidence could have been submitted with the opening brief.  *E.g.*, *In re Cathode Ray Tube (CRT)*
16 *Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013)
17 (sustaining objection under L.R 7-3(d) because the movant "knew that its reply evidence was
18 pertinent to this dispute and should have presented it earlier"); *Willner v. Manpower Inc.*, No. 11-
19 CV-02846-JST, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) (disregarding new arguments
20 and evidence cited in reply brief after non-moving party objected under L.R. 7-3(d)).

21 The table below lists the improper reply evidence that SynKloud submitted regarding this
22 claim limitation:

| **Evidence** | **Cited In** | **Basis for Objection** |
| --- | --- | --- |
| Exhibit 6 | Reply Br. at 8 | Improper reply evidence |
| Exhibit 7 | Reply Br. at 9 | Improper reply evidence; improper/insufficient authentication (FRE 901) |
| Exhibit 8 | Reply Br. at 11 | Improper reply evidence; improper/insufficient authentication (FRE 901) |
| Exhibit 9 | Reply Br. at 6 | Improper reply evidence; improper/insufficient authentication (FRE 901) |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

2

38027\14150835.3

| Evidence | Cited In | Basis for Objection |
|---|---|---|
| Exhibit 10 | Reply Br. at 7 | Improper reply evidence; exceeds page limits; improper/insufficient authentication (FRE 901) |
| Exhibit 14 | Reply Br. at 11 | Improper reply evidence; exceeds page limits; improper/insufficient authentication (FRE 901) |
| Exhibit 15 | Reply Br. at 5 | Improper reply evidence; exceeds page limits |
| Jawadi Supp. Decl. ¶¶ 15-30 | Reply Br. at 3-12 | Improper reply evidence |

### B. Exhibits 11-13 and Paragraphs 31-43 of the Jawadi Supplemental Declaration Should Be Stricken Because They Are Improper New Evidence Regarding the "At Least One Storage Device" and "Console . . . to Partition the At Least One Storage Device" Limitations.

In addition to the "to a wireless device" limitation, SynKloud was obligated to address in its opening brief whether Adobe practices the limitations of "at least one storage device" and a "console for an administrator of a service provider to partition the at least one storage device." SynKloud has no excuse for failing to present evidence on these limitations in its opening brief because SynKloud, as the plaintiff, is always required to present evidence demonstrating every claim limitation is met.  This requirement does not depend on what constructions are proposed by Adobe:[2]  Independent claim 1 (from which SynKloud's selected claim depends) states the requirement of "at least one storage device" and claim 9 (SynKloud's selected claim) states the requirement of a "console for an administrator of a service provider to partition the at least one storage device."  SynKloud's reply evidence on these limitations should therefore be stricken (or otherwise disregarded) for the same reasons as SynKloud's reply evidence on the "to a wireless device" limitation.

The table below lists the improper reply evidence that SynKloud submitted regarding these claim limitations:

---

[2] Although the parties have a dispute about the proper construction of the term "partition," that dispute does not vitiate SynKloud's obligation to prove that Adobe practices the limitations of "at least one storage device" and a "console . . . to partition the at least one storage device."  *See* Dkt. 137-1 at 5-7 (Joint Claim Construction Chart setting forth parties' positions on the meaning of "partition").  And regardless of whether a claim-construction dispute exists, SynKloud received Adobe's proposed constructions before SynKloud filed its opening brief and could have presented evidence on any alternate constructions in its opening brief.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

3

38027\14150835.3

| Evidence | Cited In | Basis for Objection |
|---|---|---|
| Exhibit 11 | Reply Br. at 14 | Improper reply evidence; exceeds page limits; improper/insufficient authentication (FRE 901) |
| Exhibit 12 | Reply Br. at 14 | Improper reply evidence; exceeds page limits; improper/insufficient authentication (FRE 901) |
| Exhibit 13 | Reply Br. at 15 | Improper reply evidence; exceeds page limits; improper/insufficient authentication (FRE 901) |
| Jawadi Supp. Decl. ¶¶ 31-43 | Reply Br. at 12-14 | Improper reply evidence |

### C. Exhibits 10-16 Should Be Stricken Because They Violate the Court's Page Limits for the Patent Showdown.

The Court's Patent Showdown Scheduling Order provides that reply submissions "must be limited to 15 pages of briefing and 20 pages of declarations and exhibits" (Dkt. 79 ¶ 2), yet SynKloud submitted 29 pages of declarations and exhibits with its reply brief. SynKloud's counsel acknowledges this fact, stating in an attorney declaration that certain of the submitted exhibits (totaling nine pages) "are included for completeness and need not be considered." Dkt. 135-1 ¶ 6. SynKloud's counsel should not be permitted to pick and choose which exhibits "count" towards the page limit; the final nine pages of SynKloud's reply submission (Exhibits 10-16) should be stricken or otherwise disregarded. And because SynKloud's responses to Adobe's evidentiary objections are set forth in Exhibit 16 (which is beyond the Court's page limits), Adobe's objections should be sustained.

### D. Exhibit 16 Should Further Be Stricken Because It Contains Responses to Evidentiary Objections That Should Have Been Included in SynKloud's Reply.

Civil Local Rule 7-3(c) requires that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." Exhibit 16 should be stricken (or otherwise disregarded) because SynKloud set forth its responses to Adobe's evidentiary objections in this separate exhibit, rather than in the reply brief itself. To be clear: Adobe is not simply complaining that SynKloud submitted the evidentiary objections in an exhibit when they should have been included in a brief. Rather, by including the objections within a separate document, SynKloud appears to be attempting to evade the 15-page limit for reply briefs set forth in the Court's Patent Showdown Scheduling Order (Dkt. 79), since SynKloud's reply brief

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

4

38027\14150835.3

1  fills the 15-page limit.  Thus, SynKloud's responses to Adobe's evidentiary objections in Exhibit
2  16 should be stricken or otherwise disregarded, and Adobe's evidentiary objections should be
3  sustained.

6  Dated: June 10, 2021         FARELLA BRAUN + MARTEL LLP

8              By:      /s/ Eugene Y. Mar
                        Eugene Y. Mar

              Attorneys for Defendant ADOBE INC.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ADOBE'S OBJECTION TO REPLY EVIDENCE
UNDER CIVIL L.R. 7-3(d)(1)
Case No. 3:20-cv-07760 WHA

5

38027\14150835.3