Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Elizabeth M. Toledo (State Bar No. 312652)
ltoledo@fbm.com
Ashleigh Nickerson (State Bar No. 331056)
anickerson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Adobe Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ADOBE INC.,<br><br>Defendant. | Case No. 3:20-cv-07760 WHA<br><br>**DEFENDANT ADOBE INC.'S OPPOSITION TO PLAINTIFF SYNKLOUD'S MOTION TO EXTEND TIME TO RESPOND TO ADOBE'S CROSS-MOTION**<br><br>The Hon. William H. Alsup |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO EXTEND TIME - Case No. 3:20-cv-07760 WHA

i

38027\14153832.3

## I. INTRODUCTION

In its opposition to SynKloud's Patent Showdown motion for summary judgment on Claim 9 from U.S. Patent No. 8,868,690, Adobe raised its affirmative defenses of non-infringement and invalidity under Section 101, and cross-moved for summary judgment in its favor based on those grounds. Adobe raised these same grounds in its motion for summary judgment on Claim 10 of the same patent, its chosen claim for the Patent Showdown. This is consistent with this Court's Patent Showdown procedure, which permits the parties to raise as many issues as it wants within the prescribed page limits. Adobe's opposition and cross-motion accomplishes this exact goal by raising all of its issues within the Court's timeline and page limits, while SynKloud's request to extend time to file an "opposition" to the cross-motion explicitly seeks to extend this timeline and exceed the page limit.

SynKloud has already filed its reply memorandum in support of its motion for summary judgment and exhausted all of its pages.[1] Because SynKloud intentionally chose not to address the defenses raised in Adobe's cross-motion, it has to live with the consequences of its strategic choice.[2] To permit SynKloud to file an additional briefing on Adobe's non-infringement and invalidity arguments, found not only in Adobe's cross-motion but also its opening motion for summary judgment, amounts to an improper sur-reply to Adobe's motion for summary judgment and creates the kind of "asymmetry" that would prejudice Adobe.

## II. ADOBE RAISED ITS AFFIRMATIVE DEFENSES IN OPPOSITION TO SYNKLOUD'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 9 AND PROPERLY CROSS-MOVED FOR SUMMARY JUDGMENT ON THOSE BASES.

The Court's Patent Showdown procedure order encouraged the parties to bring all the issues they had on each selected claim as long as done within the prescribed page limits. Dkt. 78,

---

[1] In fact, SynKloud has submitted 29 pages of exhibits with its reply memorandum, *exceeding* the Court's prescribed 20-page limit on reply exhibits. SynKloud has also violated Civ. L.R. 7-3(c) by filing its response to Adobe's evidentiary objections as an exhibit instead of placing it in the brief, thereby already awarding itself extra pages in its reply. *See* Dkt. 143 (Adobe's Objection to Reply Evidence).

[2] Further, SynKloud's motion to extend time and motion to strike violate Civ. L.R. 7-3, which requires all procedural objections be raised in opposition or reply briefing. The rule seeks to prevent offshoots of related motion practice addressing issues that should have been included in the original briefing.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO EXTEND TIME - Case No. 3:20-cv-07760 WHA    1    38027\14153832.3

¶ 4. As required for the Patent Showdown, SynKloud and Adobe each selected its "best" claim to present. SynKloud chose claim 9 of the '690 patent. Adobe chose claim 10 of the '690 patent. Importantly, these two claims are substantively similar, sharing at least five overlapping claim elements, as highlighted in the following chart:

| Claim 9 of '690 Patent (depending from claims 1 and 7) | Claim 10 of '690 Patent |
|---|---|
| "allocate…a storage space of a predefined capacity to a wireless device" | "a storage space of a predefined capacity allocated to a wireless device" |
| "at least one storage device" | "at least a first one of the storage devices" |
| "the storage space being remotely located with respect to the wireless device" | "the storage space is remotely located with respect to the wireless device" |
| "storing a data object therein or retrieving a data object therefrom" | "to store a data object therein retrieve a data object therefrom" |
| "couple with the wireless device for . . . download a file from a remote web server directly into the storage space." | "server is configured to couple with the wireless device for allowing a user on the wireless device to download a file from a remote web server directly into the allocated storage space." |

On May 13, the parties filed their opening motions for summary judgment based on their selected claims. Dkts. 117 and 118. In its opening motion on claim 10, Adobe moved on non-infringement based on the fact that the accused Adobe products do not meet the limitation of "a storage space…allocated to a wireless device." Dkt. 117. Critically, the claim limitation that Adobe focused on (*i.e.* allocation of a storage space of a predefined capacity to a wireless device) is a limitation found in both claims 9 and 10. *Id.* Adobe also moved for summary judgment of invalidity under Section 101 because claim 10 covers the abstract concept of storing and retrieving data from a remote location. *Id.*

On May 27, the parties filed oppositions to the opening motions for summary judgment. Dkts. 128 and 129. In its opposition to SynKloud's motion, Adobe raised all the evidentiary deficiencies in SynKloud's opening motion as well as Adobe's affirmative defenses of non-infringement and invalidity under Section 101. Dkt. 128. In particular, Adobe presented once more its non-infringement defense that the accused Adobe products do not meet the limitation of a storage space being allocated "to a wireless device" and cross-moved for summary judgment on that basis. *Id.* This argument is exactly the same issue Adobe raised in its opening summary

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO
EXTEND TIME - Case No. 3:20-cv-07760 WHA

2

38027\14153832.3

judgment brief on claim 10, relying on the same evidence.  Dkt. 117.  As such, SynKloud suffered no prejudice as a result of Adobe's cross-motion on non-infringement, which SynKloud had already seen and *opposed* in its opposition to Adobe's motion on claim 10.  Also, Adobe opposed SynKloud's opening brief by arguing that claim 9 was invalid under Section 101 because Adobe cannot infringe an invalid claim, and on that basis, Adobe cross-moved for summary judgment of invalidity.  This is the same argument Adobe made with regard to claim 10 in its opening brief.  Dkts. 117 and 128.  As with the non-infringement argument, SynKloud had already seen and *opposed* the Section 101 argument in its opposition to Adobe's motion on claim 10.

### III.  CROSS-MOTIONS FOR SUMMARY JUDGMENT PROMOTE EFFICIENCY AND ARE PERMITTED UNDER FEDERAL RULES OF CIVIL PROCEDURE.

Federal Rule of Civil Procedure 56(f) grants a court discretion to enter summary judgment in favor of a non-moving party.  *See* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.").  A court can grant summary judgment *sua sponte*.  *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* ("Rutter Guide"), Ch. 14-C, 14:119 (citing to *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'"); *see also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (granting *sua sponte* summary judgment in favor of non-moving party where movant had full opportunity to gather evidence supporting its claim).  Furthermore, the Rutter Guide explains that "[i]n addition to filing an opposition, the opposing party may respond to a motion for summary judgment by filing a cross-motion for summary judgment in its favor."  *Rutter Group*, Ch. 14-C, 14:118 (citing to *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985).  Even more, in the Northern District of California alone, there are several instances where an originally non-moving party cross-moved for summary judgment in conjunction with its opposition to a motion for summary judgment.  *See e.g., Regents of Univ. of Cal. v. Micro Therapeutics, Inc.*, 507 F. Supp. 2d 1074, 1076 (N.D. Cal. 2007) (granting in part and denying in part defendants' cross-

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO EXTEND TIME - Case No. 3:20-cv-07760 WHA

3

38027\14153832.3

motion for partial summary judgment brought with opposition to plaintiff's summary judgment motion); *Nightingale v. U.S. Citizenship & Immigr. Servs.,* No. 19-CV-03512-WHO, 2020 WL 7640547, at *2 (N.D. Cal. Dec. 17, 2020) (defendants cross-moved for summary judgment on opposition); *Great Am. E & S Ins. Co. v. Theos Med. Sys., Inc.*, 357 F. Supp. 3d 953, 963 (N.D. Cal. 2019), aff'd, 799 F. App'x 539 (9th Cir. 2020) (defendants "opposed and filed a cross-motion for partial summary judgment in the same document.").

Contrary to SynKloud's argument that Adobe's cited guidance is inapplicable, Adobe's opposition and cross-motion, all filed in accordance the Court's Patent Showdown briefing schedule page limits, meets the Patent Showdown's goal of "afford[ing] precise briefing on those chosen claims, permits a better decision on the merits, and gives an indication of how the district court sees the problem early enough to stave off unnecessary years of costly litigation." Dkt. 78 at ¶ 2; Mar Decl., ¶ 3. For efficiency and due to the strength of its defenses, Adobe included a cross-motion along with its opposition to SynKloud's opening brief based on the very same arguments made in opposition.[3] Dkt. 128. Importantly, because the arguments in Adobe's cross-motion were the same as Adobe's arguments raised in its motion for summary judgment on claim 10, and SynKloud had 25 pages to oppose that motion and another 15 pages in its reply in support of its own summary judgment to deploy as it saw fit, SynKloud had an opportunity to respond to Adobe's cross-motion with its reply, but chose not to.[4] Mar Decl. ¶ 4. The parties have had a "full and fair opportunity to ventilate the issues involved in the matter." *Gospel Missions of Am*, 328 F.3d at 553.

---

[3] Furthermore, other Patent Showdown defendants have sought similar relief. For instance, in *Finjan Inc. v. Juniper Networks Inc*, Juniper opposed Finjan's motion for summary judgment by arguing non-infringement and invalidity under Section 101. *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA, Dkt. 126. Adobe employed a similar approach as Juniper but also invoked the Court's authority to rule in Adobe's favor.

[4] SynKloud now seeks to restart the clock after its deadline to respond has already passed. *See, e.g. Nightingale et al v. U.S. Citizenship and Immigration Services et al*, Case No. 3:19-cv-03512-WHO, Dkt. 79,

### IV. SYNKLOUD'S EXTENSION REQUEST IMPROPERLY SEEKS SUPPLEMENTAL BRIEFING AND DELAYS RESOLUTION OF ISSUES RIPE FOR THE PATENT SHOWDOWN.

SynKloud's motion for extension seeks to (i) obtain a supplemental briefing opportunity with more pages for exhibits, and (ii) create a second Patent Showdown by delaying the briefing until after the June 24 hearing on the first Patent Showdown.  If SynKloud were permitted additional briefing on the summary judgment issues, that would prejudice Adobe because it creates the very "asymmetry" of which SynKloud complains in its motion to strike by awarding SynKloud more pages and briefs than Adobe.  It also provides SynKloud with a sur-reply to Adobe's motion for summary judgment on claim 10 which raises the same arguments, creating yet more "asymmetry" by responding to Adobe's Reply in support of its motion for summary judgment on claim 10.  SynKloud's request should be denied for all of these reasons.  In addition, SynKloud's extension motion requests the deadline for its "opposition" be set two weeks *after* the Court decides SynKloud's motion to strike Adobe's cross-motion, currently set to be heard on July 8. In short, SynKloud's extension motion requests a deadline on July 22 to file its "opposition." This tactic defeats the purpose of the Patent Showdown—to resolve all the issues about each side's chosen claim at one hearing.

SynKloud is not entitled to a second opportunity to oppose Adobe's cross-motion on claim 9, or a sur-reply on Adobe's motion on claim 10.  However, should the Court grant SynKloud's request, Adobe then requests the Court afford Adobe the opportunity to file a reply to SynKloud's "opposition" no later than 14 days after SynKloud's "opposition" is due.

### V. CONCLUSION

For the foregoing reasons, Adobe requests that the Court deny SynKloud's request to file an "opposition" to Adobe's cross-motion, and at minimum, deny SynKloud's motion to extend time to respond to Adobe's cross-motion for summary judgment to avoid any further delay.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO EXTEND TIME - Case No. 3:20-cv-07760 WHA

5

38027\14153832.3

| | | |
|---|---|---|
| 1 | Dated: June 10, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | FARELLA BRAUN + MARTEL LLP |
| 4 | | |
| 5 | | By:     /s/ Eugene Y. Mar<br>Eugene Y. Mar (State Bar No. 227071) |

emar@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Elizabeth M. Toledo (State Bar No. 312652)
ltoledo@fbm.com
Ashleigh Nickerson (State Bar No. 331056)
anickerson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Defendant Adobe Inc.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT'S OPPOSITION TO MOTION TO EXTEND TIME - Case No. 3:20-cv-07760 WHA

6

38027\14153832.3