UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNKLOUD TECHNOLOGIES, LLC,

    Plaintiff,

  v.

ADOBE INC.,

    Defendant.

No. C 20-07760 WHA

**OMNIBUS ORDER RE SEALING**

In this patent dispute, defendant Adobe Inc. moves to seal records supporting a variety of motions filed prior to the parties' settlement of all claims, including the parties' cross-motions for summary judgment (Dkt. Nos. 104, 109, 115, 116, 126, 127 132, 134).

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). To seal records in connection with a "dispositive" motion, or one "more than tangentially related to the merits of a case," requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure"; sealing records connected with non-dispositive motions requires a showing of good cause. *See ibid.* (quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). A classic example of a compelling reason is "business information that might harm a litigant's

competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quotations and citations omitted). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

The parties have asked the Court to seal myriad documents (many wholesale) that, upon even a cursory review, contain a large number of excerpts from publicly-available documents or information otherwise in the public domain, as well as other, clearly non-sealable, material. What follows is illustrative.

*First*, Adobe seeks to seal the *entirety* of Synkloud's amended patent infringement contentions, filed as an exhibit supporting Synkloud's motion to amend those contentions (Dkt. Nos. 104, 105). But, upon even a brief review of this 3,343 page document, much of the information is explicitly publicly available (Dkt. 104-4 at 24):

> **How much storage do I have?**
>
> If you have a full Adobe Creative Cloud membership or a single app membership, you have 100GB storage. If you have a Creative Cloud Photography membership, you have 20GB or 1TB storage. If you have a trial product or a free membership, you have 2GB storage. Creative Cloud for teams and Creative Cloud for enterprise memberships include 100GB of storage per seat.
>
> (https://helpx.adobe.com/creative-cloud/kb/file-storage-quota.html)

Here is another screenshot from a public website on downloading photos (*id.* at 2036):

> **Download a photo**
>
> Click a photo to view it in the Loupe view and click [icon] on the right panel of the screen to download the photo. You can then choose to download **Original** or **Latest version**.
> **Original**
> Download the original photo that you uploaded. Only you can download the Original. People viewing your shared photo cannot download Original.
> **Latest version**
> Download the latest edited photo in JPG format.
>
> (https://helpx.adobe.com/lightroom-cc/using/lightroom-web.html)

2

And here, another image, this time of the (public) user interface for Adobe's Creative Cloud (*id.* at 55):



And again, from the same document, a screenshot from another publicly available website that reviewed the design of Adobe's products (*id.* at 57):

3

1   And later on, another image showing the option to delete content (*id.* at 2020):

15  *Second*, regarding Synkloud's briefing for its summary judgment motion, Adobe

16  similarly seeks to seal entire documents despite those documents clearly containing public,

17  non-sealable information (Dkt. Nos. 115, 123).  This includes screenshots of Adobe's products

18  readily accessible by the public (Dkt. 115-11 at 29):



1    *Third*, considering Synkloud's reply briefing supporting its summary judgment motion,
2    Adobe again moves to seal despite failing to perform a sufficient review of the material in
3    order to exclude public information (Dkt. Nos. 132, 138).  A (brief) examination shows
4    Adobe's redacts non-sealable public content (*e.g.*, Dkt. 132-5 at 5):



13   *Fourth*, for Adobe's summary judgment briefing, Adobe again requests documents sealed
14   in their entirety that contain public information (Dkt. No. 116).  In this instance, Adobe moves
15   to seal its own publicly available help pages (Dkt. No. 116-6 at 7):

5

It is true that other portions of these documents appear to be non-public. But it is impossible to sort that non-public material from the public material. Adobe's justifications for sealing provide little assistance in this endeavor. Several times Adobe justifies its requests in part on the grounds that the material has consistently been designated confidential per the parties' protective order (*see, e.g.*, Dkt. Nos. 123 at 2; 131 at 3; 138 at 2). This reasoning contravenes Civil Local Rule 79-5(d)(1)(A). Adobe's other boilerplate justifications — such as, "it reveals confidential information about how Adobe's products actually operate" and that the material regards "functionality and internal planning regarding the operation of cloud storage functionality" — do not elaborate further on the grounds for sealing, and thus do not provide any substantive or specific arguments for sealing the material at issue (*e.g.*, Dkt. Nos. 131, 134-1). In other words, Adobe provides no information regarding *how* or *why* disclosure would be potentially harmful, and, without more, thus fails to justify sealing. Nor do Adobe's justifications provide any assistance to the Court whatsoever in differentiating the possibly sealable information from the clearly public material.

It cannot be the job of the district court judge to parse the spate of documents filed under seal by the parties — many wholesale — and pick out only the sealable material. This order finds that Adobe did not appropriately tailor its requests, which runs counter to the public policies favoring disclosure. Moreover, there is a public interest in knowing how the patent owner has construed its patents in this case in order to promote consistency in future disputes.

In sum, for the reasons stated, the Adobe's sealing motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 30, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE